State, ex rel. Stevens, v. Carson.

STATE OF NEBRASKA, EX REL. GARRETT STEVENS, V. WASHINGTON I. CARSON.

27   501
36   351
27   501
56   424

[FILED OCTOBER 4, 1889.]

1. **Attachment: EXEMPTION.** Where the property of a debtor who is the head of a family is levied upon by the sheriff by authority of an order of attachment and advertised to be sold to satisfy the judgment obtained in the attachment proceedings, such judgment and order of sale will not deprive him of the right to claim the property as exempt from execution, under the provisions of secs. 521 and 522 of the Civil Code.

2. **Exemption: TRANSFER OF PROPERTY NOT A WAIVER.** The fact that relator, who was the head of a family, transferred the property to his wife, who instituted an action of replevin against the officer making the levy, but was unsuccessful in her suit — the property being held to be that of her husband — will not deprive the debtor of the benefit of the exemption laws, even though he may have testified upon the trial that the property belonged to his wife and that he had no interest in it.

ORIGINAL application for mandamus.

*J. P. Maule*, and *F. B. Donisthorpe*, for relator.

*W. V. Fifield, J. D. Carson*, and .*W. C. Sloan*, for respondent.

REESE, CH. J.

This is an application to this court, in the exercise of its original jurisdiction, for a peremptory writ of mandamus to respondent, who is the sheriff of Fillmore county, requiring him to appraise certain personal property which has been levied upon by him as the property of relator, in order that $500 worth of said property may be set off to relator as exempt in lieu of a homestead, it being alleged that he has neither lands, town lots, nor houses subject to exemption.

It is alleged that certain judgments have been rendered against relator, and that, after the levy, he had filed an inventory in the court where the judgment was rendered and requested the appraisement of the property; but that respondent had refused to comply with the request, and was proceeding to sell the property to satisfy the judgment referred to.

By the answer of respondent it is admitted that he is the sheriff of Fillmore county, and that the relator is the head of a family, a resident of this state, and that he has neither lands, town lots, nor houses subject to exemption under the laws of this state; but it is alleged that the suits, when originally instituted against relator for the purpose of procuring judgment, were accompanied by orders of attachment which had been levied upon the property, and that subsequent to such levy the causes were heard in court, at which relator appeared, and that he made no objection to the levy upon the property, by an effort to discharge the attachment or otherwise; that he consented to judgment being rendered against him, and that he is now estopped to insist upon the exemption.

This contention is based principally upon the cases of *State, ex rel., v. Sanford,* 12 Neb., 425, and *State, ex rel., v. Krumpus,* 13 Id., 321; but as the question here presented was pretty thoroughly examined and discussed in *Hamilton v. Fleming,* 26 Id., 240, recently decided by this court, in which the rulings in the two former cases were substantially overruled, it is not deemed necessary to rediscuss the question here, except so far as to say that, as we understand sec. 522 of the Civil Code, it is provided that the person entitled to the exemption may avail himself of the benefits of sec. 521, by filing an inventory, " under oath, in the court where the judgment was obtained, or with the officer holding the execution, of the whole of the personal property owned by him or them *at any time before the sale of the property,*" and by so doing it becomes the duty of

the officer to call the appraisers and set off to the party entitled thereto the property which is found to be exempt. It is further alleged in the answer that subsequent to the levy upon the property by respondent, Jessie A. Stevens, the wife of relator, instituted an action in replevin in the district court of Fillmore county, and against the respondent, for the possession of the goods, she claiming to be the owner thereof by virtue of a bill of sale executed from the relator, her husband, to her, prior to that time; that the order of replevin was placed in the hands of the coroner of the county for service, and that, in accordance with the direction therein, he levied upon and took the property from the possession of respondent, causing the same to be appraised, as required in replevin cases; but that the plaintiff in the action failing to give the undertaking required by law, the property was returned to respondent, and the action proceeded as one for damages under the provision of sec. 193 of the Code.

That the suit instituted by Mrs. Stevens had proceeded to trial in the district court to a jury, when a verdict was returned and judgment rendered in favor of respondent, the defendant in the action, and that a *supersedeas* bond had been filed by Mrs. Stevens, and the cause taken by proceedings in error to the supreme court; that upon the trial of that case relator was called as a witness and testified that he had no interest whatever in the property; that it all belonged to Mrs. Stevens, the plaintiff in that action. It is therefore now insisted that, having transferred the property to his wife, whether fraudulently or otherwise, and declared that he had no interest in it, and said action being still pending, the title to the property being virtually undecided, he is now estopped to claim the property as exempt to him, and insist upon the appraisement thereof.

In support of this contention a number of cases have been cited in the brief of respondent, all of which we have examined, but fail to find that they are in point. In

Pennsylvania it has been held that a debtor who conceals his property or otherwise attempts to delay or prevent the execution of the writ, forfeits the benefit of the exemption laws (*Strouse v. Becker*, 38 Pa. St., 190); but it is said in Freeman on Executions, sec. 214*a*, that the "rule does not seem to have had its foundation in any provision of the statutes of that state. It resulted from the belief of the judges that these statutes were designed for the exclusive benefit of *honest* debtors,— for those only who would not seek to avoid the operation of the writs directed against them. If, however, we concede that the dishonest are not worthy of the benefits of the exemption laws, it still seems that we should not, as judges, enforce our peculiar ideas until they had met the express approval of the legislature. Judges ought not to pronounce sentence where the law has provided no penalty. Besides, it must be remembered that one of the chief objects of these laws is to protect and provide for the debtor's family, and that this object would be partially subverted by making the benefit of the law depend upon the character of the debtor. Hence the position taken by the courts of Pennsylvania has been vigorously, and we think successfully, assailed, as will appear from the following quotation extracted from an opinion of the highest court in Mississippi (*Moseley v. Anderson*, 4 Miss., 49): 'This exemption is granted without any reference to the merit or demerit of the debtor. It is founded upon a policy that has no relation to the character or conduct of the parties claiming the benefit of it. It is the interest of the state that no citizen should be stripped of the implements necessary to enable him to carry on his usual employment, and that families should not be made paupers or beggars, or deprived of shelter and reasonable comforts in consequence of the follies, the vices, or the crimes of their head. * * * The statute makes no such exceptions and it is not for the court to engraft them upon it.' "

The author in the work, before us, in further discussion

of the subject, says : "The debtor's claim for exemption cannot be successfully resisted on the ground that he has committed perjury in swearing to a false schedule, or has made a fraudulent mortgage and has property in another county which has not been levied upon, or has other property which he fraudulently conceals for the purpose of hindering, delaying, and defrauding his creditors. Nor does an attempt by the debtor to prevent a levy by disclaiming all interest in the property and falsely representing it to belong to a third person forfeit or estop him from enforcing his exemption rights. The reason for this rule has been thus stated. The conduct and statements of a party never operate as an estoppel in favor of another party, where the latter is not influenced thereby in his subsequent action, and to his prejudice. The fact that respondent disclaimed any ownership in the property himself at the time of the levy had no influence whatever on the officer who made it, for he made it notwithstanding the disclaimer, and afterwards sold the property. The failure of respondent to interpose his claim of exemption as to such property at the time of the levy could not work an estoppel against his making the claim subsequently, for it is neither found nor shown that the officer did or omitted to do anything by reason of such act of omission of respondent, or that the plaintiff in the execution was in any way prejudiced thereby. If a debtor conveys his property to delay or defraud creditors, he cannot sustain an action for it as exempt, because he has parted with the title and cannot urge his own fraudulent design for the purpose of defeating his deed. If, however, the conveyance should be vacated for fraud, the exemption right would revive."

It appears from the answer that notwithstanding the relator had conveyed the property in question to his wife, and she brought an action against the sheriff for the conversion thereof, yet it was found upon the trial that the property in question did not belong to her, and the judg-

ment was in favor of respondent. Whether this was upon the ground that the transfers by relator were fraudulent or without consideration, or for some other reason, is not clearly made to appear. However, it does appear that the verdict of the jury and the judgment of the court were that relator's wife was not the owner of the property. If this be true, then the property belonged to him, and he is entitled to his exemption. It is quite probable also that the fact of the conveyance to the wife would not divest the property of its exempt character, she being a member of the family, for whose benefit the exemption is declared by law. It is a well established and settled doctrine of the courts, not only of this state but of all others so far as we are advised, that exemption laws should be liberally construed in favor of the debtor, the purpose being to prevent the wresting from him of the property which is set apart and used exclusively for the benefit of the family which is dependent upon him. This being the case, it would seem to make no difference as to the result of the action instituted against respondent by the wife of relator. Suppose we assume that in another trial it might be shown that the bill of sale from the husband to the wife was valid, and that the levy on the part of the officer was wrongful, her measure of damages would be the value of the property which he had sold. He would only be liable, therefore, for the surplus of the property after setting off to relator the property claimed by him as exempt. For the property returned she could not recover. Or, suppose that it should be ascertained upon such trial—as it has in the previous one—that the conveyance made by the husband to the wife did not transfer to her the title to the property, and that the title remained vested in him. In that case he would still be entitled to exemption, and the sale of the property by respondent, after the filing of the inventory which is alleged to have been filed by him, would be wrongful and he would be liable therefor. So in any

view of the case which we may take, we think the purpose of the statute would be subserved by a compliance on the part of defendant with the demand of relator.

The writ will therefore be allowed.

WRIT ALLOWED.

THE other Judges concur.