EVA M. PRUGH, APPELLANT, V. PORTSMOUTH SAVINGS BANK ET AL., APPELLEES.

FILED MAY 6, 1896.   No. 6550.

1. **Homestead: PROCEEDS OF SALE.**  Proceeds of the sale of a homestead are for six months after said sale entitled to the same protection against legal process as the homestead itself; and if during that period such proceeds are invested in a city lot, such lot may be selected as a homestead, although not yet occupied as such.

2. ———: INCUMBRANCES.  The amount of an incumbrance is not to be deducted from the $2,000 homestead exemption, but the claimant is entitled to that exemption in excess of such incumbrance.  *Hoy v. Anderson*, 39 Neb., 386, followed.

3. **Courts: JURISDICTION: INJUNCTION.**  After a federal court has acquired jurisdiction of the parties and subject-matter of a controversy, a state court may not by injunction or otherwise interfere with the exercise of such jurisdiction.

4. ———: ———: ———.  Accordingly, as a general rule, a state court will not enjoin parties to an action already in progress in a federal court from further proceeding therein.

5. ———: ———: ———.  The exceptions to this rule are based upon the doctrine that in courts of concurrent jurisdiction that which first has obtained jurisdiction of the parties and subject-matter retains it for all purposes, and by all necessary process will protect itself in the exercise of that jurisdiction.

6. ———: ———.  The jurisdiction of a court does not cease by the rendition of judgment, but continues for the purpose of enforcing the judgment.

Prugh v. Portsmouth Savings Bank.

7. **Executions: LEVIES.** Land levied upon by virtue of a writ of execution is subjected to the process of the court as much as chattels so levied upon.

8. ———: ———: INJUNCTION. A state court having no prior jurisdiction of the subject-matter will not, by injunction, restrain a plaintiff in whose favor judgment has been rendered in a federal court from proceeding to the execution of such judgment. *A fortiori*, it will not restrain a United States marshal from selling property levied upon to satisfy such judgment.

APPEAL from the district court of Douglas county. Heard below before FERGUSON, J.

*Andrew Bevins,* for appellant.

*John W. Lytle, contra.*

IRVINE, C.

This was an action by Eva M. Prugh against the Portsmouth Savings Bank and Brad D. Slaughter, United States marshal for the district of Nebraska, to restrain the defendants from selling certain land under an execution issued from the United States circuit court. The plaintiff is a married woman, and prior to the 23d day of June, 1892, was the owner of a certain lot in the city of Omaha, which was occupied by herself and family as a homestead. On that day she sold this land for $2,500, $1,450 of which was applied to discharge a mortgage on the premises. August 13, 1892, she purchased the lot here in controversy, paying therefor $500 out of the proceeds of the former homestead. August 23, 1892, an execution issued from the United States circuit court on a judgment of the Portsmouth Savings Bank against Mrs. Prugh was, by the defendant Slaughter, the United States marshal, levied on this lot. It was then vacant, but the plaintiff thereafter erected a cottage thereon of the value of about $800, which was occupied by the family as a home. The marshal being about to sell this lot under the execution, this action was brought in the district court of Douglas county to enjoin the plaintiff in

the federal case and the marshal from so proceeding. The district court refused the injunction and dismissed the case, and the plaintiff appeals.

The case was tried under a stipulation of facts substantially as above set forth. Under these facts there can be no doubt that the land in question was exempt as a homestead, from execution and sale in satisfaction of the judgment. Section 16, chapter 36, Compiled Statutes, provides that if the homestead be conveyed the proceeds of the sale, not exceeding the amount of the homestead exemption, shall be entitled for the period of six months thereafter to the same protection against legal process which the law gives to the homestead, and that the sale and disposition of one homestead shall not be held to prevent the selection or purchase of another. It has also been settled that where a homestead has been incumbered, the amount of the incumbrance is not to be deducted from the $2,000 homestead exemption, but that the claimant is entitled to this exemption over and above the incumbrance. (*Hoy v. Anderson*, 39 Neb., 386.) It follows, therefore, that the proceeds of the sale of the former homestead, having been within six months from the sale invested in the premises in controversy, after discharging the mortgage indebtedness, the homestead exemption continued in the present land. An injunction should therefore have been allowed restraining the present sale of the land levied upon, unless the court was without authority to interfere with the proceedings being taken to enforce the judgment of the federal court. (*Quigley v. McEvony*, 41 Neb., 73; *Corey v. Schuster*, 44 Neb., 269.)

We think there can be no doubt that the court was without authority to enjoin the marshal from proceeding. Where goods have been seized by a federal court under a writ of attachment, a claimant of the property may not replevy them from the marshal in the state court. (*Freeman v. Howe*, 24 How. [U. S.], 450; *Covell v. Heyman*, 111 U. S., 176; *Summers v. White*, 71 Fed. Rep.,

106.) It is true that it was held in *Buck v. Colbath,* 3 Wall.
[U. S.], 334, that under such circumstances a claimant
of the property may maintain trover in a state court
against the marshal therefor; but Mr. Justice Miller in
the latter case very clearly and satisfactorily distin-
guishes the two cases as follows: "Whenever property
has been seized by an officer of the court, by virtue of its
process, the property is to be considered as in the custody
of the court, and under its control for the time being;
and that no other court has a right to interfere with that
possession, unless it be some court which may have a
direct supervisory control over the court whose process
has first taken possession, or some superior jurisdiction
in the premises.   *   *   *   Whenever the litigation is
ended, or the possession of the officer or court is dis-
charged, other courts are at liberty to deal with it accord-
ing to the rights of the parties before them, whether
those rights require them to take possession of the prop-
erty or not.   *   *   *   It is obvious that the action of
trespass against the marshal in the case before us does
not interfere with the principle thus laid down and lim-
ited.   The federal court could proceed to render its judg-
ment in the attachment suit, could sell and deliver the
property attached, and have its execution satisfied with-
out any disturbance of its proceedings, or any contempt
of its process, while, at the same time the state court
could proceed to determine the questions before it in-
volved in the suit against the marshal without inter-
fering with the possession of the property in dispute."
The line is thus very clearly drawn.   A state court
may not, after a federal court has acquired jurisdic-
tion of property, interfere with the exercise of that
jurisdiction; but it may entertain independent actions
among the same parties, or other parties, provided they
do not interfere with the jurisdiction, custody, or pro-
cess of the federal court.   When land has been levied
upon, it is as much in the custody of the court, and
under the control of its process, as when personal prop-

erty has been seized on execution or in attachment; and the state court was, therefore, without any authority, by injunction or otherwise, to interfere with the marshal in the execution of the writ. We think a kindred principle forbade enjoining the judgment plaintiff in the federal court from proceeding to enforce his judgment. No general principle is better settled than that a state court may not by injunction restrain proceedings in a federal court. In *Riggs v. Johnson County*, 6 Wall. [U. S.], 166, judgment had been rendered by a federal court against a county upon certain bonds. A state court had perpetually enjoined the officers of the county from levying a tax to pay the same. The supreme court, nevertheless, held that a *mandamus* should issue to compel the officers to levy the tax. (See, also, *United States v. Council of Keokuk*, 6 Wall. [U. S.], 514; *Mayor of City of Davenport v. Lord*, 9 Wall. [U. S.], 409; *Supervisors of Washington County v. Durant*, 9 Wall. [U. S.], 415; *Amy v. Supervisors of Des Moines County*, 11 Wall. [U. S.], 136; *Schuyler v. Pelissier*, 3 Edw. Ch. [N. Y.], 191*; *Coster v. Griswold*, 4 Edw. Ch. [N. Y.], 364; *Chapin v. James*, 11 R. I., 86; *Phelan v. Smith*, 8 Cal., 520.) A reciprocal doctrine applies to the allowance of injunctions by the federal courts, interfering with the process of state courts; and while there is a federal statute applying to this situation, the federal decisions seem to regard this statute as declaratory and simply expressive of a general principle which would be applicable independently thereof. (*Domestic & Foreign Missionary Society v. Hinman*, 13 Fed. Rep., 161.) To the rule as above stated there are limitations and exceptions, but these only emphasize the rule. They rest upon the general doctrine that as between courts of concurrent jurisdiction, that court which first obtains jurisdiction of the subject-matter and parties retains it to the exclusion of other courts. Therefore, a state court, in a proper case, before action begun in a federal court, might undoubtedly prevent the commencement of such an action, and so, too, if a state court has

obtained jurisdiction of the parties and subject-matter and thereafter proceedings are begun in a federal court, the state court, in protection of its own jurisdiction, may enjoin the parties from further proceeding in the federal court (*Akerly v. Vilas*, 15 Wis., 401*; *Home Ins. Co. v. Howell*, 24 N. J. Eq., 238); and *vice versa* (*Garner v. Second Nat. Bank of Providence*, 67 Fed. Rep., 833). There is nothing in the present case, however, to bring it within any of the exceptions. The parties undoubtedly have their remedy in the federal court (*Gumbel v. Pitkin*, 124 U. S., 131), and the state court rightfully refused to interfere with the proceedings there.

It is urged that the sale contemplated was not a judicial sale, that the case had proceeded to judgment, and that the marshal was acting beyond the authority of his writ in levying upon the homestead. To this argument, however, *Riggs v. Johnson County*, *supra*, affords a complete answer. In that case Mr. Justice Clifford said: "Express determination of this court is that the jurisdiction of a court is not exhausted by the rendition of the judgment, but continues until that judgment shall be satisfied. * * * Process subsequent to judgment is as essential to jurisdiction as process antecedent to judgment, else the judicial power would be incomplete and entirely inadequate to the purposes for which it was conferred by the constitution." It was accordingly held that the jurisdiction obtained by the federal court in the original action continued for the purpose not merely of an execution to enforce the judgment, but for the purpose of an independent action for a *mandamus* to compel the levy of a tax to pay the judgment; and that this jurisdiction was, by virtue of the original action, prior to that of the state court in an injunction case to restrain the enforcement of the judgment, begun before the *mandamus* suit.

JUDGMENT AFFIRMED.