ENOS COREY, APPELLEE, V. PLUMMER, PERRY & COMPANY,
APPELLANTS.

FILED MAY 19, 1896.   No. 6520.

1. Homestead: VALUE OF CLAIMANT'S INTEREST: LIENS.  The extent of
   a homestead is to be determined by the claimant's interest in the
   land, and not by the fee-simple value of the premises. In de-
   termining his homestead interest, valid mortgages and other liens
   are to be deducted from the value of the land, and not from the
   $2,000 homestead exemption. (*Hoy v. Anderson*, 39 Neb., 386; *Prugh
   v. Portsmouth Savings Bank*, 48 Neb., 414.)

2. ——: ——: ——: PURCHASER'S TITLE.  When a homestead
   does not exceed the value of the statutory exemption of $2,000, a
   purchaser takes it free from any judgment against the vendor
   obtained subsequent to the acquiring of the homestead, unless
   based upon a debt secured by a mortgage, mechanic's, laborer's,
   or vendor's lien. *Corey v. Schuster*, 44 Neb., 269, followed.

3. ——: PROCEEDS OF SALE.  The proceeds arising from the volun-
   tary sale of a homestead, not exceeding $2,000, are protected for
   the period of six months thereafter against legal process to the
   same extent as the homestead itself. *Prugh v. Portsmouth Savings
   Bank*, 48 Neb., 414, followed.

4. ——: PURCHASER'S TITLE: JUDGMENT LIENS.  When the homestead
   of less value than $2,000 is conveyed, a judgment recovered against
   the vendor, after the filing of the contract of sale and before the
   payment of the remainder of the purchase price and the execution
   and delivery of the deed, upon a debt for the payment of which
   such homestead is not liable, is not a lien upon such land or the
   unpaid purchase money. *Schribar v. Platt*, 19 Neb., 625, followed.

5. Judgment Liens: HOMESTEAD.  *Courtnay v. Parker*, 16 Neb., 311, 21
   Neb., 582, and *Olander v. Tighe*, 43 Neb., 344, distinguished.

35

APPEAL from the district court of Clay county. Heard below before HASTINGS, J.

A. G. Greenlee and Marquett, Deweese & Hall, for appellants.

E. E. Hairgrove and Frank B. Hawk, contra.

NORVAL, J.

This was an action by Enos Corey against Plummer, Perry & Co. to have a judgment decreed not to be a lien upon eighty acres of land owned by the plaintiff, by reason of the same being a homestead. There was a decree for plaintiff, and defendants appeal.

Upon the facts there is no dispute. Alonzo A. Corey, on the 5th day of July, 1886, by a patent from the United States acquired title to the south half of the southwest quarter, and the south half of the southeast quarter of section 24, township 8 north, of range 5 west, under and by virtue of the act of congress "to secure homesteads to actual settlers on the public domain," approved May 20, 1862. From the date of said patent, continuously, until the 13th day of March, 1888, said Alonzo A. Corey, together with his wife and children, resided upon and occupied said tract as a homestead. On the date last aforesaid said Alonzo A. Corey and his wife sold the said south half of the southwest quarter to their son, Enos Corey, the plaintiff herein, for the agreed consideration of $1,300, payable as follows: One hundred dollars cash, four hundred dollars March 1, 1889, four hundred dollars March 1, 1891, and four hundred dollars on March 1, 1893, with interest on all deferred payments. The contract, after being reduced to writing, was duly executed and acknowledged by all parties, and was recorded in the office of the county clerk of Clay county on the 17th day of May, 1888. In March, 1891, plaintiff paid in full the unpaid purchase price, and the vendors thereupon executed to him a deed of general warranty for said eighty

acres as in said contract provided, which was duly re-
corded in Clay county on the 16th day of March, 1891.
The value of the entire quarter section did not exceed
the sum of $2,000 over and above the mortgage liens
thereon at the time the sale was made to the plaintiff.
The defendants Plummer, Perry & Co., on the 7th day of
June, 1888, obtained a judgment against said Alonzo A.
Corey, in the county court of York county, for the sum of
$286, besides costs, upon a debt due for merchandise sold
and delivered, which judgment was transcripted to the
district court of Clay county, and entered upon the exe-
cution docket of said court, so that the same was appar-
ently a lien on the premises in controversy, inasmuch as
the legal title of record to the property at that time ap-
peared to be in said Alonzo A. Corey, although as a mat-
ter of fact the land had theretofore been sold to the
plaintiff, who was in possession of the premises when the
judgment was obtained. Plaintiff had no knowledge of
the existence of said judgment until long after he paid
the remainder of the consideration for the land. Under
the foregoing undisputed facts, it is obvious that the said
judgment of the defendants was not a lien upon any por-
tion of the 160 acres so long as the same was owned by
plaintiff's grantors. (*Hoy v. Anderson*, 39 Neb., 386; *Corey
v. Schuster*, 44 Neb., 269.) Where a judgment debtor sells
and conveys his homestead of less value than $2,000, the
purchaser takes it unaffected by any judgment against
the vendor obtained during the existence of the home-
stead right, unless based upon a debt secured by a mort-
gage, mechanic's, or vendor's lien. (*Corey v. Schuster*, 44
Neb., 269.) Where the contract of sale to this plaintiff
was made, the premises in question constituted the home-
stead of his grantors, and defendants' judgment was not
then in existence. The legal title remained in Alonzo A.
Corey until the deed was executed, and he had a vendor's
lien upon the land by virtue of said contract until the
purchase money was paid. The judgment having been
obtained, and the transcript filed between the date of

the sale and the delivery of the deed, the defendants in-
sist that the judgment became a lien upon the land to the
extent of the purchase money then unpaid, and to sup-
port the proposition the following cases are relied upon:
*Courtnay v. Parker*, 16 Neb., 311, 21 Neb., 582; *Olander v.
Tighe*, 43 Neb., 344. Those decisions, it is true, hold that
a judgment recovered in the district court against a
vendor of real estate who had not executed a deed there-
for and had not received the entire consideration is a lien
upon the interest of the vendor for the unpaid purchase
price; but those cases are not in point here, and are
clearly distinguishable from the case at bar. In every
one of the authorities relied upon as precedents an exe-
cution had been levied upon the land, and the real estate
at the time of the contract of sale was entered into was
not the homestead of the vendor, while in this case no
execution has ever been issued upon the judgment, and
the premises, at the time of the purchase, were occupied
by Alonzo A. Corey as a homestead, and the same was
not subject to forced sale on execution issued against
him. The land being exempt as a homestead, the pur-
chase money was likewise exempt, for the period of six
months after the receipt thereof, under section 16, chap-
ter 36, Compiled Statutes, which provides: "If the home-
stead be conveyed by the claimant, * * * the pro-
ceeds of the sale, * * * not exceeding the amount
of the homestead exemption, shall be entitled, for the
period of six months thereafter, to the same protection
against legal process and the voluntary disposition of
the claimant which the law gives to the homestead."
The same construction was recently placed upon the fore-
going provision, in *Prugh v. Portsmouth Savings Bank*, 48
Neb., 414. The statute exempts the proceeds of the sale
of the homestead for six months without imposing a sin-
gle condition, not even that they should be held for the
purpose of investing in another homestead. Whether
such proceeds are received in cash, notes, or property,
they are alike within the protection of the statute for the

period specified.   Only a small portion of the purchase
money was paid at the time of the sale of the homestead,
and the remainder was not received until March, 1891,
long after the filing of the transcript of the judgment.
It was exempt for six months, not from the date of the
sale, but from the time it was paid.   To hold otherwise
would not only violate the liberal rule of construction of
exemption laws in favor of the debtor which has always
obtained in this state, but would be a violation of the
letter and spirit of the statute.  Plaintiff's grantor had no
interest in the lands or the proceeds arising from their
sale to which the lien of the judgment could attach.
(*Schribar v. Platt*, 19 Neb., 625.)   The decree is clearly
right, and it is accordingly

AFFIRMED.