BANK OF BLADEN, APPELLANT, V. ISAAC DAVID ET AL., APPELLEES.

FILED FEBRUARY 2, 1898. No. 7808.

1. **Homestead.** A homestead whose value, after deducting incumbrances, does not exceed $2,000, is exempt from seizure and sale for the satisfaction of its owner's ordinary debts.

2. ———: CONVEYANCE FROM HUSBAND TO WIFE. Land constituting a statutory homestead when conveyed by a husband to his wife

does not become liable for his then existing debts by subsequently losing its homestead character, even when the transfer was voluntary.

APPEAL from the district court of Webster county. Heard below before BEALL, J.   *Affirmed.*

*A. M. Walters,* for appellant.

*Case & McNitt, contra.* .

SULLIVAN, J.

This was a creditor's bill, filed in the district court of Webster county, to subject certain real estate owned by Mary J. David to the payment of a judgment recovered by the Bank of Bladen against her husband, Isaac David. There was a general finding and judgment in favor of the defendant, and the plaintiff brings the case to this court by appeal.

The land in question was occupied by the Davids as a family homestead for several years prior to the fall of 1890, when they removed from Webster county to Galesburg, Illinois. In August, 1890, David conveyed the homestead to his wife through one Sheen, who served as a conduit for the title. The consideration for the conveyance to Mrs. David was an agreement on her part to support the family and pay her husband's debts, including a mortgage on the land in question amounting to $1,000. The debt, upon which the bank's judgment is based, existed, but had not matured, at the time of the conveyance of the homestead to Mrs. David.

It is contended that the consideration for the conveyance is not sufficient to sustain it against the claims of creditors. Conceding the point without discussion, we are still constrained to hold that the judgment of the district court was the only one that could rightfully have been rendered in the case. The land was a homestead, and, after deducting the indebtedness secured by mortgage thereon, its actual value at the time of its convey-

43

ance was less than $2,000. It was exempt from levy and sale for the satisfaction of David's debts. (*Munson v. Carter*, 40 Neb. 417; *Hoy v. Anderson*, 39 Neb. 383; *Roberts v. Robinson*, 49 Neb. 717; *Mundt v. Hagedorn*, 49 Neb. 409.) It, therefore, did not concern the appellant whether David retained the title or transferred it to his wife. It was not injured by the transfer and has no grievance even if such transfer was without consideration and made to defraud creditors. (*Smith v. Rumsey*, 33 Mich. 183; *Vaughan v. Thompson*, 17 Ill. 78; *Vogler v. Montgomery*, 54 Mo. 577; *Wood v. Chambers*, 20 Tex. 247; *Butler v. Nelson*, 72 Ia. 732.)

But it is contended that, when the land lost its homestead character, it became liable for the satisfaction of the bank's judgment. A sufficient answer to that contention is that it was not then the property of the judgment debtor. The conveyance which vested the title in Mrs. David infringed none of the legal rights of David's creditors. It was valid when made. It was not vitiated by Mrs. David's subsequent change of domicile. It is valid still. Even Jove himself could not change the nature of a past transaction. Whether Mrs. David agreed to pay the bank's claim is quite immaterial. That question is not an issue in this case. If she has so contracted there is an obvious and adequate remedy at law. When her liability shall be judicially ascertained, the appellant will be able to reach this land without the aid of a court of equity. The judgment of the district court was manifestly right and is

AFFIRMED.