JEROME H. SMITH, APPELLANT, V. C. C. NEUFELD ET
AL., APPELLEES.

FILED FEBRUARY 9, 1899. No. 8705.

1. **Homestead:** REMOVAL OF CLOUD. Equitable relief may be granted
for the removal from a homestead of the apparent lien of a
judgment on the theory that such lien, though only apparent,
is a cloud upon the owner's title.

2. ———: ———: PLEADING. A general demurrer was improperly
sustained to a petition wherein were allegations that plaintiff had
succeeded to the homestead rights of his grantor and that such
rights were within the statutory limits defining homestead ex-
emptions, though such homestead rights were asserted with
reference to but a portion of an entire 320-acre tract, and the
prayer of the petition was for equitable relief as against the
apparent liens of certain described ordinary judgments which
had been rendered against the said grantor while he was en-
titled, as owner of the land, to the statutory homestead exemp-
tion invoked by plaintiff.

APPEAL from the district court of Hamilton county.
Heard below before SEDGWICK, J. *Reversed.*

*Hainer & Smith,* for appellant.

References: *Roberts v. Robinson,* 49 Neb. 717; *Corey v.
Plummer,* 48 Neb. 481; *Mansfield v. Gregory,* 11 Neb. 297;
*Galway v. Malchow,* 7 Neb. 285; *Dorsey v. Hall,* 7 Neb. 460;
*Berkley v. Lamb,* 8 Neb. 399; *Hoy v. Anderson,* 39 Neb. 386;
*Mundt v. Hagedorn,* 49 Neb. 409; *Giles v. Miller,* 36 Neb.
346; *Schriber v. Platt,* 19 Neb. 625; *Baumann v. Franse,*
37 Neb. 807; *Hooper v. Castetter,* 45 Neb. 67; *Faeth v. Leary,*
23 Neb. 267.

*Stark & Day,* contra.

References: 1 Black, Judgments (1891 ed.) secs. 359,
366, 400; *St. Joseph Mfg. Co. v. Daggett,* 84 Ill. 556; Waples,
Homestead & Exemptions, p. 23, par. 13, p. 208, sec. 1.

RYAN, C.

In this case there were two defendants in the district court of Hamilton county. A demurrer to the petition filed by each of them was sustained, and accordingly there was a judgment in their favor, from which plaintiff has appealed. This involves a consideration of the averments of the petition, which we shall now undertake.

Jerome H. Smith, the plaintiff, alleged in his petition that on October 23, 1894, and for more than five years prior to that date, Tobias Voth was the owner in fee simple of five separately described governmental subdivisions of land in Hamilton county, of which the aggregate area was 320 acres; that during all of said five years Voth, the head of a family, lived on said land and tilled it as a single farm; that while Voth was the owner and in the possession of said land he and his wife mortgaged it as an entirety to secure the payment of $3,500 to one person, to secure the payment of $900 to another, and the payment of $388.60 to plaintiff, in addition to which mortgages said Voths made another mortgage on the same property to secure the sum of $2,000 to still another person; that in September, 1894, default having been made in the payment of these mortgages, proceedings were begun for the foreclosure of the $3,500 mortgage, in which with said Voths the said Smith was made a defendant, and that at said time there was due on all the mortgages the aggregate sum of $7,000. It was further alleged in the petition that the value of said land never exceeded $7,300, and that Voth in said land had an interest outside the mortgages of not to exceed $300; that there was at said time a lien on the land of $54.40 for taxes, and that Voth and his wife, for the purpose of ending the foreclosure proceedings and procuring the liens to be satisfied on said land, on October 23, 1894, sold the same to plaintiff for the agreed consideration of $7,300, the full fair value of the same, and on the day thereafter, to-wit, October 24, 1894, conveyed said land to plaintiff

by a warranty deed, in which they recited that Jerome H. Smith, the grantee, had assumed and agreed to pay as part of the consideration the $3,500 mortgage, the $900 mortgage, the $388.60 and the $2,000 mortgage, and in his petition plaintiff alleged, independently of the recitations of said deed, that the assumption of payment was as above recited, and also that plaintiff assumed the payment of $34.40 in taxes as part of the consideration. Plaintiff, moreover, averred that he paid as the balance of the consideration for said conveyance the sum of $267.10 in cash to Tobias Voth. He furthermore alleged that the said Voth, at the time of said conveyance to plaintiff, was entitled to the homestead exemptions allowed by the laws of this state to a head of a family, and that said excess in value over and above the amount of said incumbrances was likewise exempt under the laws of this state, which excess plaintiff alleged had been conveyed to him in consideration of its value paid to said Tobias Voth as above described. The relief sought was that the judgment based upon debts not secured by mortgage, mechanic's, laborer's, or vendor's lien, confessed by Voth in favor of the defendants October 23, 1894, and which were apparent but not actual liens on said land as against the rights of plaintiff, might be decreed not to be binding on said land; that the cloud cast upon plaintiff's title by each of said judgments might be removed, and that defendants might be enjoined from enforcing either of said judgments against the land purchased by plaintiff for Voth.

There is in argument a considerable stress laid upon the proposition that one eighty-acre tract was not contiguous, for the reason that, with the nearest tract, it had but one point, the center of a section, in common. We shall not specially consider this feature, for the reason that there were in all 320 acres, and as the statute exempts but 160 acres as a homestead, there was one 160-acre tract which was not homestead in character. A consideration of the eighty-acre tract not contiguous,

upon the theory of defendants in error, would be important only as showing that said eighty-acre tract is not within the terms of exemption of the homestead statute, and this same proposition is involved in the existence of 160 acres outside the homestead tract.

By the petition it was shown that Voth had a float exemption right to the extent of 160 acres in a tract of 320 acres. Under the provisions of chapter 36, Compiled Statutes, he was entitled to have set off to him as a homestead 160 acres, equal in value, above incumbrances, to $2,000. As there were incumbrances of the sum of $7,000, he could require that the 160 acres which he had not procured to be segregated as a homestead should be first sold in satisfaction of the $7,000 incumbrances resting on the entire tract. Tested by the averments of the petition, this would leave unpaid such an amount of mortgages that, to satisfy them and the taxes, there would be absorbed the entire value of the homestead quarter-section, lacking $267.10 in value. It is not material that to arrive at this result it is necessary to take into consideration the steps we have indicated, first, that the debtor had the right to have first sold the quarter-section which he did not select as his homestead, and second, the status of his homestead quarter-section as affected by the balance of mortgages and taxes not paid by the sale of the non-exempt quarter. When in the above order of procedure we reach the point at which the debtor has but 160 acres in which he claims homestead rights as above indicated, he has the same rights of homestead exemption with reference to it that he would have had if he had never been the owner of more than that particular quarter-section. We are not determining that the judgments, ordinarily, would not be liens on a portion of his 320-acre tract, for, under the averments of the petition, that question is not involved. Under the facts admitted by the demurrer other considerations have been eliminated from the case, and our concern is alone with the value of Voth's homestead right, which was equal

to $267.10. If he had owned but 160 acres of that value, there is no room for doubt that he would have been entitled to a decree by which the apparent lien of the judgments would have been removed. (*Corey v. Schuster*, 44 Neb. 269.) If he had but 160 acres of less value than $2,000, he could have conveyed it to Smith free from liens of the judgments against him. (*Corey v. Plummer*, 48 Neb. 481; *Corey v. Schuster, supra.*) The same result follows where the value of the 160-acre tract, after the deduction of mortgage and other incumbrances, is less than $2,000. (*Hoy v. Anderson*, 39 Neb. 386; *Prugh v. Portsmouth Savings Bank*, 48 Neb. 414.) This last proposition is thus discussed in *Bank of Bladen v. David*, 53 Neb. 608: "But it is contended that, when the land lost its homestead character, it became liable for the satisfaction of the bank's judgment. A sufficient answer to that contention is that it was not then the property of the judgment debtor. The conveyance which vested the title in Mrs. David infringed none of the legal rights of David's creditors. It was valid when made. It was not vitiated by Mrs. David's subsequent change of domicile. It is valid still. Even Jove himself could not change the nature of a past transaction." In *Horbach v. Smiley*, 54 Neb. 217, it was said: "The provisions of the existing homestead act exempt from forced sale upon execution or attachment a homestead not exceeding in value $2,000; and a judgment recovered against the owner thereof is not a lien thereon, even after the sale and abandonment of the homestead." These cases recognize and enforce the right of the judgment debtor to sell his homestead so as to vest in the grantee the title divested of ordinary judgment liens. As we have seen, the existing conditions, under the averments of the petition, are as though the judgment debtor had title to only 160 acres, subject to mortgages to such an amount in the aggregate that his real interest was of much less value than $2,000. The plaintiff, under such circumstances, we conclude, took the title free from the lien of the judgments of the defendants.

It is, however, urged by the appellees that, in any event, the appellant had no standing to invoke the equitable powers of the court. If it was necessary to refer to the adjudications of courts of other states to sustain the holdings of this court on this point in *Corey v. Schuster*, *supra*, *Corey v. Plummer*, *supra*, and *Hoy v. Anderson*, *supra*, that support would be found in *Conklin v. Foster*, 57 Ill. 104, *Irwin v. Lewis*, 50 Miss. 363, *Ketchin v. McCarley*, 26 S. Car. 1, *Smith v. Zimmerman*, 85 Wis. 542, and *Webb v. Hayner*, 49 Fed. Rep. 601, wherein the right to equitable relief against the apparent cloud upon homestead rights created by a judgment is expressly recognized. The judgment of the district court is reversed and the cause is remanded for further proceedings.

Reversed and remanded.