HON. SILAS A. HOLCOMB. } JUDGES.
HON. SAMUEL H. SEDGWICK, }

DEPARTMENT No. 1.
HON. WILLIAM G. HASTINGS,
HON. GEORGE A. DAY,
HON. JOHN S. KIRKPATRICK,

DEPARTMENT No. 2.
HON. JOHN B. BARNES,
HON. WILLIS D. OLDHAM,        } COMMISSIONERS.
HON. ROSCOE POUND,

DEPARTMENT No. 3.
HON. EDWARD R. DUFFIE,
HON. JOHN H. AMES,
HON. I. L. ALBERT,

---

## CHARLES F. DARGAN v. BENJAMIN K. WILLIAMS.

FILED OCTOBER 9, 1902. No. 11,999.

Commissioner's opinion, Department No. 3.

1. **Mortgage Lien:** PERSONAL PROPERTY: VALUE OF PROPERTY: LESS THAN $2,000: DISCHARGE OF MORTGAGE: PENSION MONEY: EXEMPTION: CODE. Where a mortgage lien on personal property less than $2,000 in value is equal to or greater than the value of such property, and the mortgagor discharges such lien with money received as a pension from the United States, such property is

7                                 (1)

exempt from execution, under the provisions of section 531*b*, Code of Civil Procedure.

2. **Exemption: EXCHANGE: LIMITATION.** The exemption provided by said section extends to property taken in exchange for the property therein mentioned, as well as to the increase of such property, subject to the limitation therein fixed as to the amount.

ERROR from the district court for Dawes county. Action in replevin. Tried below before WESTOVER, J. *Affirmed.*

*Albert W. Crites,* for plaintiff in error.

*C. Dana Sayrs, contra.*

ALBERT, C.

This is an action in replevin, brought by Benjamin K. Williams against Charles F. Dargan to recover possession of five horses, a harrow, a lumber wagon, a buggy and a fanning mill, property of the plaintiff, which were seized by the defendant sheriff under an execution issued on a judgment against plaintiff. There was a trial to the court without a jury. The court found in favor of the plaintiff, and gave judgment accordingly. The defendant brings the case here on error.

The plaintiff claims the property was exempt from execution, under the provisions of section 531*b* of the Code of Civil Procedure, which is as follows: "There shall also be exempt * * * to every resident of the state of Nebraska, who became disabled in the service of the United States as a soldier, * * * all pension money hereafter received and all property hereafter purchased and improved exclusively therewith, not exceeding two thousand dollars in value." It is conclusively established that the plaintiff is a pensioner within the meaning of the statute quoted, but the defendant insists that the evidence is insufficient to bring the property within the purview thereof. It sufficiently appears from the evidence that in December, 1892, all the personal property owned by the plaintiff was under mortgage to secure the payment of a debt owed by

Dargan v. Williams.

him, the amount of which was equal to the value of the mortgaged property; that at that time he obtained about $1,000 in pension money from the United States for disabilities incurred as a soldier in the War of the Rebellion; that he applied this money in part payment of the mortgage debt, and gave a mortgage on his real estate to secure the unpaid balance; that three of the horses in controversy were received by the plaintiff in exchange for property covered by said mortgage, and that one was the increase of stock included therein; that the remaining horse was the increase of a mare, which was received in exchange for one of the animals covered by the mortgage; that the harrow, lumber wagon and buggy were bought with pension money, and the fanning mill was a part of the mortgaged property; and that the mortgaged property and the whole of the personal property owned by him at the time of the levy did not exceed $500 in value. The plaintiff insists that the discharge of the mortgage on his personal property with his pension money, under the facts stated, renders such property exempt from execution, under the provisions of the section above quoted. We concur in this view. By the express provisions of the statute the exemption laws are to be liberally construed. It would be a narrow and illiberal construction of the statute to hold that had the plaintiff invested his pension money in the same kind of property as that covered by the mortgage the property thus acquired would have been exempt from execution, and at the same time to hold that by the discharge of the mortgage lien on his property with such money he rendered such property liable to seizure on execution. The obvious intention of the statute is to exempt such money, and the property in which it is invested, within the prescribed limits, from seizure on execution. There is no reason why it should not be as certainly exempt when invested in such a way as to divest an outstanding lien on the property of the pensioner as when it is laid out in the acquisition of the complete title to property. Theoretically, there is a wide difference between the purchaser of personal

property and one who discharges a lien on property to which he holds the legal title. But where, as in this case, the amount of the lien equals the value of the property subject thereto, the practical difference of the two transactions would be hard to define. By the discharge of the outstanding debt, under such circumstances, the party discharging it acquires an interest in the property which he did not before possess, and his title, which was before precarious, and of no commercial value, becomes certain and valuable. In our opinion, by the discharge of the mortgage debt the plaintiff became a purchaser of the property, within the meaning of the statute, and would hold it exempt from execution. But the defendant insists that, admitting such to be the rule, it does not apply to the increase of such property, nor to property received in exchange for it. As before stated, one of the objects of the statute is to protect the investment of pension money by its owner. One man will invest his pension money in real estate, and depend on its rise in value for the returns on his investment. We do not think it will be claimed that should he sell such land at an advance, the excess over and above his investment would be liable to seizure on execution, so long as the total amount is less than $2,000. Another man invests his pension money in live stock, and depends for his returns on the increase of that stock. If the profits on the investment in real estate are exempt from execution, on what theory can it be held that the profits from an investment in personal property are subject to execution? We believe the section of the statute under consideration, construed liberally, as we are required to construe it, protects the increase of property purchased with pension money, so long as the total amount of property, taking into account increase, does not exceed $2,000, from seizure on execution. As to the exchange of the property purchased with pension money for other property, we are satisfied that the property thus received in exchange is exempt from execution. The law was intended for the benefit of the pensioner, and it would be of little benefit if,

in order to avail himself of such law, he should be required to hold property, after it had become unserviceable or unfitted for his use, on peril of having the proceeds seized on execution. We think the cases of *Crow v. Brown,* 81 Ia., 344, 46 N. W. Rep., 993, 11 L. R. A., 110, and *Yates County Nat. Bank v. Carpenter,* 119 N. Y., 550, 23 N. E. Rep., 1108, 7 L. R. A., 557, 16 Am. St. Rep., 855, are in point on this proposition. We find no error in the record.

It is therefore recommended that the judgment of the district court be affirmed.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.