O. H. MEYER, APPELLANT, V. ADOLF J. PLATT ET AL., APPEL-
LEES.

291 N. W. 86

FILED MARCH 22, 1940. No. 30777.

*Spillman & Ptak,* for appellant.

*Hutton & Mueting, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

SIMMONS, C. J.

This is an equity action brought to subject land in Knox county to the lien of a judgment obtained by the plaintiff against the defendant Platt. The record title of the land is in the name of the defendant Else Hahn.

Plaintiff's petition alleges the recovery of a money judgment against the defendant Platt, the return of an execution unsatisfied, the insolvency of Platt; that the defendant Platt on January 7, 1938, purchased 160 acres of land in Knox county, and that, without consideration, and for the purpose of hindering and defrauding the plaintiff and other creditors, Platt "took the record title" of the real estate in the name of the defendant Hahn. Plaintiff prays that the property be found to be the property of Platt, that the premises be ordered sold as required by law and the proceeds thereof applied to the payment of plaintiff's judgment, and for equitable relief.

The defendants, answering jointly, deny generally the allegations of plaintiff's petition, and allege that (1) in February, 1932, Hulda Platt, wife of the defendant Platt, purchased certain land in Stanton county, which became and was their homestead from the time of purchase until the spring of 1938, that Platt had no interest in or to said

premises; that on January 7, 1938, Hulda Platt traded the Stanton county land for the Knox county land (involved herein) ; that Hulda Platt, being in ill health, agreed in writing with her daughter (the defendant Else Hahn) that Else Hahn should support the said Hulda during her lifetime and be responsible for her funeral expenses, and that Hulda Platt "placed" the title to the Knox county land in the name of Else Hahn for the consideration above given; that Platt never had or claimed any legal or equitable interest in the land; that Platt did not own the Stanton county land and does not own the Knox county land; that "the interest placed in the name of Else Hahn did not belong to Adolf J. Platt, but to Hulda Platt;" (2) that the equity owned by Hulda Platt and "by her turned over" to Else Hahn did not exceed $2,000, and that the same was a homestead not subject to fraudulent alienation in any event; (3.) that the note upon which judgment was had was given September 13, 1932, at which time Platt was not the owner of any real estate; that real estate of Platt together with a note and cash of Hulda Platt had been exchanged for the Stanton county land and title thereto placed in the name of Hulda Platt, prior to the signing of the note upon which the judgment was had; that the bank knew on September 13, 1932, that Hulda Platt was the owner of the Stanton county land; that the transfer of the Stanton county land to Hulda Platt was more than five years prior to the bringing of this action or the securing of the judgment against Platt, and that this action is barred by the statute of limitations. Defendants pray that the action be dismissed. The reply is a general denial.

The case was tried upon the issues presented, and at the close of plaintiff's case, the defendants moved for a dismissal of plaintiff's action. The trial court sustained the motion. Plaintiff appeals from that decision.

The case comes to this court for trial *de novo* (Comp. St. 1929, sec. 20-1925) subject to the rule that:

"When defendant moves to dismiss plaintiff's action at the close of plaintiff's evidence, the defendant thereupon

admits the plaintiff's testimony to be true, together with every conclusion which may fairly and reasonably be drawn therefrom.

"The court must thereupon determine, as a question of law, whether plaintiff's evidence is sufficient to support a judgment for the plaintiff." *Schroeder v. Bartlett,* 129 Neb. 645, 262 N. W. 447.

The ultimate question to be determined is: Does the defendant Platt own the Knox county land or an interest therein? This requires a review of the evidence.

The plaintiff called as his witnesses, among others, the defendants Platt and Hahn. The testimony of the plaintiff's witnesses fairly and reasonably establishes the following facts.

The defendant Hahn is the daughter of the defendant Platt and Hulda Platt. Prior to October 30, 1931, the defendant Platt became indebted to the First National Bank of Madison. This debt was evidenced by the usual promissory note. This note was renewed in September, 1932, and subsequently became the property of the plaintiff. Judgment was recovered thereon against the defendant on July 13, 1938; a transcript thereof was filed with the clerk of the district court of Knox county August 6, 1938; execution was issued and was returned unsatisfied. The judgment has not been paid.

On or before September 12, 1931, the defendant Platt became the owner of a tract of land in Platte county. The Platte county land, and a lease with the notes for cash rent thereon, were conveyed to one Filter in March, 1932, in exchange for a 320-acre tract in Stanton county. The lease and the cash rent notes were in the name of the defendant Platt and were assigned to Filter by Platt. The Platte county land was not the homestead of the Platts.

The exchange contract provided that the Stanton county land should be conveyed subject to a $13,000 mortgage, and that as a part of the purchase price the Platts should give to Filter a second mortgage thereon for $3,500. When the deed conveying the Stanton county land from Filter to Platt

was being prepared, Platt ordered his attorney to "put that property in my wife's name right away." Concurrently therewith, the Platts mortgaged the land to Filter to secure the promissory note of the defendant Platt for $3,500. The consideration for the deed from Filter to Mrs. Platt all moved from the defendant Platt.

The Platts entered into possesssion of the Stanton county land and occupied the same as their homestead from the spring of 1932 until about March 1, 1938. During the years 1932 to 1934, the defendant Platt leased the land and collected the rents, and thereafter farmed the land, and at all times exercised rights of ownership therein and referred to the land and the crops thereon as "his."

On January 7, 1938, Platt traded the Stanton county land for the land in Knox county involved in this action. The deed conveying the Knox county land recited a consideration of $4,000, and in that deed, the defendant Else Hahn was named as grantee. No consideration moved from the defendant Hahn to the grantor for said conveyance. About March 1, 1938, the defendant Platt with one daughter moved to the Knox county land and farmed the same. His wife, Hulda, afflicted with a fatal illness, and one other daughter lived with the defendant Hahn at Madison, Nebraska. So far as the record shows, the defendant Platt was residing on the Knox county land at the time of the trial.

Platt testified that he worked for his daughter in 1938, operating the farm without pay as "manager and worker." However, Mrs. Platt had a lease from the defendant Hahn for the premises, and Mrs. Hahn had her mother's note for cash rent of the land.

Platt painted and repaired the buildings, fences, etc., and testified that Mrs. Hahn bought the paint, but it was charged to him and he paid for it out of "her" crop.

Shortly after the conveyance of January 7, 1938, the defendant Platt told his nephew that "he made a good trade and he signed the farm over from Hulda to Else and got a deed back from Else and when she gets smart he wants to

put that deed on record," and that he had the Knox county land placed in Else Hahn's name. Platte referred to the corn raised on the Knox county land as "his corn." In the spring of 1938, the defendant Platt tried to get a loan on the Knox county land "to pay off the interest of his daughter Else Hahn and pay some taxes and make repairs on the improvements." He tried to sell "my place" that was "in the name of Else Hahn."

January 8, 1938, the day after "they made the deal," Hulda Platt told the defendant Hahn about "this deal," and the deed, and "she told me it was made to me to take care of her because she was very ill at that time, to take care of her and take care of her doctor bills and such things as long as she lived," and that they discussed the consideration for the deed the first time on January 8, 1938 (the day after the deed was made placing the title in her name). The defendant Hahn further testified that the Knox county land was "filed" in her name.

The value of the Stanton county land is not shown. The value of the Knox county land is shown to be from $3,200 to $4,000.

The plaintiff has submitted his evidence and rested. The defendants by their motion have submitted the matter to the court for determination. This court, having jurisdiction of the persons and subject-matter, will afford complete relief and determine finally the controversy between the contending parties upon the record which they have made.

The trial court found that the Stanton county land was "in fact the property" of Platt and sustained the defendants' motion to dismiss upon the theory that the Stanton county land was the homestead of the Platts, that their equity therein did not exceed $2,000 in value, that it could be conveyed free of judgment liens, and that the indirect conveyance to the defendant Hahn was no different than if the Platts had conveyed the Stanton county land to the daughter (defendant Hahn) and she in turn had exchanged it for the Knox county land.

The Stanton county land was the homestead of the defendant Platt and his wife, Hulda. It is true that there were 320 acres in the Stanton county land and that the homestead exemption attached to but 160 acres. The land was heavily encumbered. The Platts would have had the right to have segregated 160 acres as a homestead and to have required that the remaining 160 acres be first sold to satisfy liens thereon, removing so far as possible the liens against the 160 acres which they could have claimed as a homestead, and in which they could claim the statutory $2,000 exemption from sale to satisfy judgment creditors. So, as a practical proposition, the Platts had an exemption of $2,000 in the Stanton county land so far as a judgment creditor was concerned. See *Smith v. Neufeld,* 57 Neb. 660, 78 N. W. 278.

The homestead exemption which Platt had in the Stanton county land attached to the Knox county land. "It is a general rule that a homestead once acquired may be exchanged for another, and, when that is done, the homestead privileges and rights attach to the new as they formerly did to the old homestead." 13 R. C. L. 588, sec. 52. See 29 C. J. 837. By section 40-116, Comp. St. 1929, if the homestead be conveyed by the claimant, the proceeds of the sale, not exceeding the amount of the exemption, shall be entitled, for six months thereafter, to the same protection which the law gives to the homestead and the sale and disposition of one homestead shall not be held to prevent the selection or purchase of another. See *Prugh v. Portsmouth Savings Bank,* 48 Neb. 414, 67 N. W. 309. Property received in exchange not exceeding in value the amount of the exemption is protected by the statute. See *Derby v. Weyrich,* 8 Neb. 174; *Dargan v. Williams,* 66 Neb. 1, 91 N. W. 862; *Scheel v. Lackner,* 4 Neb. (Unof.) 221, 93 N. W. 741; *Witt v. Teat,* 167 S. W. (Tex. Civ. App.) 302; *Corey v. Plummer,* 48 Neb. 481, 67 N. W. 445.

Following the exchange, Platt removed to the Knox county land, lived thereon with one of his children, and improved the land and buildings. His wife Hulda, because of her ill-

ness, which was fatal, did not reside there with him, but lived with the defendant Hahn. The fact that by his answer he disclaimed ownership of the Knox county land and testified that the defendant Hahn owned the land will not deprive him of the benefit of the exemption laws. *State v. Carson,* 27 Neb. 501, 43 N. W. 361; 22 Am. Jur. 107, sec. 140; 25 C. J. 122. A formal declaration by Platt that he had selected the Knox county land as a homestead is not necessary. *Foltz v. Maxwell,* 100 Neb. 713, 161 N. W. 254.

The Platts could have conveyed their equity, of not exceeding $2,000 in value, in the Stanton or Knox county land to the defendant Hahn free from the existing debts of Platt. *Bank of Bladen v. David,* 53 Neb. 608, 74 N. W. 42. However, they did not do so. The Stanton county land was not conveyed in fee to the defendant Hahn. Title to the Knox county land was "placed" in the defendant Hahn as security to assure the payment of certain expenses of the last illness and death of Hulda Platt. Hulda Platt was not the owner of the Stanton county land. Whatever interest she had therein was limited to the homestead exemption.

Transactions of this character between close relatives are presumptively fraudulent as to existing creditors, and in litigation between creditors and the parties thereto, the burden is on them to establish the good faith of the transaction by a preponderance of the evidence. *Riggs v. Hroch,* 133 Neb. 260, 274 N. W. 598.

The defendant Hahn has not established ownership of the Knox county property or claim thereto over and above the homestead exemption. Beyond that exemption, the property belongs to Platt. Whatever claim the defendant Hahn may have against the $2,000 of exempt value is not before us and is not determined.

Had Platt taken the title to the Knox county land in his own name, it would have been subject to the lien of the plaintiff's judgment junior to the homestead exemption.

Should an equity court hold it subject to the judgment under the circumstances here presented?

"It has always been one of the powers possessed by courts

of equity to compel the application of a debtor's unexempt property to the payment of his debts when the creditor had no other means of redress. * * * When all other remedies have failed, a court of equity will, at the suit of a creditor, take the unexempt property of a debtor wherever found, in whatever condition it may be, and cause it to be applied towards the payment of his debt." *Arlington State Bank v. Paulsen,* 57 Neb. 717, 734, 78 N. W. 303. See *Millard v. Parsell,* 57 Neb. 178, 77 N. W. 390; 15 C. J. 1401; 14 Am. Jur. 707, sec. 60, note 17. Fraud is not an element to be proved by the plaintiff in such a case. *Weckerly v. Taylor,* 74 Neb. 84, 103 N. W. 1065; *Cochran v. Cochran,* 62 Neb. 450, 87 N. W. 152.

The record establishes the following facts: (1) Platt owned the Platte county land which was exchanged for the Stanton county land. (2) Although the title to the Stanton county land was placed in the name of Hulda Platt (the wife), it was in fact the property of Platt, and he was (as the trial court found) the equitable owner thereof. (3) The Stanton county land became the homestead of the Platts and the statutory homestead exemption attached thereto. (4) Platt likewise, by the exchange, became the equitable owner of the Knox county land. (5) Platt's right of homestead exemption attached thereto. (6) The defendant Hahn held title thereto not as owner of the fee, but under claim of title as security for money advanced for the care of Hulda Platt. (7) This claim, if valid, attaches to the homestead exemption, and not to any excess value therein above $2,000, for the reason that no consideration for the Knox county land moved to Platt from either his wife or daughter. (8) Whatever value there may be in the Knox county land above $2,000 belongs to Platt and is subject to the satisfaction of the plaintiff's judgment.

The cause is reversed and remanded to the trial court, with instructions to enter a decree in accord with this opinion.

REVERSED.