FIRST NATIONAL BANK OF TEKAMAH ET AL., APPELLEES,
v. LINNIE MCCLANAHAN, APPELLANT.

FILED MARCH 5, 1909. No. 15,535.

1. Homestead, Proceeding to Set Off: STRIKING ANSWER. On the day set for hearing on a petition filed by a judgment creditor under provisions of section 6 of the homestead act (Comp. St. 1907, ch. 36) to have the judgment debtor's homestead ascertained and set off, the wife of the judgment debtor filed an answer in which she set forth that the judgment debtor had deserted his family, and other facts showing her entitled to claim the homestead exemption, and also alleged that she and her husband each owned an undivided one-half interest in the premises levied upon, and claimed the homestead exemption out of the husband's undivided interest, which answer was stricken from the files upon the

ground that the statute did not require the filing of an answer, and that the homestead claims set up in the answer were different from that contained in the notice to the officer making the levy. *Held* to be error.

2. **Homestead: SELECTION.** The undivided half interest of a husband in lands owned by himself and wife as cotenants is subject to homestead exemption.

3. ———: ———. When a husband deserts his wife and family, leaving them in the possession of a homestead, the wife is entitled to the benefit of the same homestead exemption that existed in her husband at the time of his desertion.

APPEAL from the district court for Burt county: WILLIS G. SEARS, JUDGE. *Reversed with directions.*

*Smyth & Smith, E. O. Kretsinger* and *Singhaus & Clark,* for appellant.

*Hopewell & Hopewell, contra.*

GOOD, C.

Plaintiffs, who are judgment creditors of Andrew J. McClanahan, levied upon and advertised for sale as the property of said McClanahan the southeast quarter of section 11 and the south half of the southwest quarter of section 12, all in township 20 north, range 11 east of the sixth P. M., in Burt county, Nebraska. Defendant, who was the wife of said Andrew J. McClanahan, notified the sheriff that she claimed a homestead interest in the south half of said southeast quarter of section 11 and that part of the south half of the southwest quarter of section 12 which had not been washed away and destroyed by the Missouri river. Plaintiffs, pursuant to the provisions of section 6 of the homestead act, filed a petition for the ascertainment and setting off of defendant's homestead. On the day fixed for the hearing on said petition defendant filed an answer in which she set forth that she and her husband each as tenants in common owned an undivided one-half interest in said south half of the southeast quarter of section 11 and the south half of the south-

west quarter of section 12. She also alleged that her husband had deserted her and her family, and facts showing that she and her husband had occupied said land as a homestead prior to his desertion, and that she and her family had continuously occupied it as a home since his desertion. She asked that the homestead be set off out of the undivided half interest of her husband in said lands. Plaintiffs moved to strike the answer from the files upon the grounds: First, that the statute did not require the filing of an answer; and, second, that the homestead claim was different from that set forth in the notice served upon the sheriff. On the same day the defendant in open court asked leave to serve upon the sheriff an amended notice of her homestead claim to correspond with the facts set up in her answer. The trial court sustained this motion upon condition that defendant pay all the costs of the proceedings since the issuance of the execution and pay an attorney's fee of $25 to plaintiff's attorneys. Defendant excepted to the conditions imposed, and filed in the office of the clerk of the court an amended notice directed to the sheriff setting out her homestead claim in the same manner as she had in her answer; but she failed and neglected to comply with the conditions imposed as to payment of costs and attorney's fees. The defendant filed a motion to set aside the order of the court granting her leave to file an amended notice of homestead in so far as it imposed the terms of payment of costs and attorney's fees. This motion was overruled, and the motion of plaintiff's to strike defendant's answer was sustained. The court then entered an order sustaining plaintiffs' petition for appointment of appraisers on the original notice given to the sheriff, and appointed three freeholders to appraise and set off the defendant's homestead. The south half of the southeast quarter of said section 11 and that portion of the south half of the southwest quarter of said section 12 that had not been destroyed by the Missouri river was appraised at $6,800, and the appraisers reported that said

premises could be divided and the homestead set off without material injury to the premises. To this report the defendant objected, and moved to set the same aside upon the following, among other, grounds. First, that the court erred in striking defendant's answer and in refusing to permit defendant to serve an amended notice except upon the terms imposed by the court; and that the court had abused its discretion in imposing the terms of payment for attorney's fees and costs. The objections and motion were overruled, the report approved, and the appraisers ordered to set off the defendant's homestead out of the appraised lands. The appraisers set off to the defendant as her homestead the land contained in the south half of the southwest quarter of section 12, comprising a trifle less than 21 acres. To this report the defendant objected, and moved to set the same aside for the same reasons assigned in the objections and motion directed against the first report of the appraisers, and upon the further ground that the value placed upon the land by the appraisers was greatly in excess of its real value; that the court erred in overruling the objections to the first report of the appraisers, and that by the action of the appraisers the defendant's homestead had been set off out of the lands owned by her and her husband, instead of the lands of her husband, and that half of the value of the lands set off was represented by the land owned by her. This motion and objections were overruled, and the report confirmed, and execution ordered to be enforced against all the land levied upon except that which had been set apart as a homestead. The defendant duly excepted to all the adverse rulings of the court on all of her motions and objections, and has removed the case to this court by appeal.

Defendant complains of the action of the trial court in striking her answer from the files and in denying her leave to serve on the sheriff an amended notice claiming a homestead from the undivided interest of her husband in the land except upon the payment of costs and attor-

ney's fees. Plaintiffs insist that in such proceedings no answer is required, and that the terms imposed as a condition to serving an amended notice were within the discretion of the court and were reasonable. In proceedings by execution creditors to have the debtor's homestead ascertained and set off, the statute requires the creditor to file a petition, but there is no requirement of the statute that defendant shall file an answer. In *France v. Hohnbaum*, 73 Neb. 70, it was held that in such a proceeding the procedure is within the discretion of the district court, and, unless an abuse of this discretion is shown, the reviewing court will not interfere. In that case the judgment debtor filed an answer which the trial court refused to strike from the files on the motion of the judgment creditor. The ruling of the trial court was sustained. We are of the opinion that, where there are any peculiar features surrounding the rights of the homestead claimant such as appear in this case, it was entirely proper and perhaps necessary for the defendant to file an answer setting forth in the concise manner her homestead claim. In no other way can we perceive how the nature of defendant's homestead claim, and that it should be carved out of an undivided half interest in the real estate, could be properly brought to the attention of the court. The striking of defendant's answer was an abuse of discretion, as we view it, and constituted prejudicial error to the defendant, as we shall hereafter see.

With reference to the refusal of the trial court to permit the defendant to serve an amended notice except upon terms, we perceive no error for the reason that there was no occasion for the serving of an amended notice. The object of such notice to the officer having the execution is to stay him in his proceeding to sell the land, and warn the judgment creditor that a homestead is claimed. No further steps in the proceeding to sell can then be had until the judgment creditor files his petition and has the homestead appraised and set off. The notice has served its purpose. The sheriff was prevented from taking any

further steps, and the judgment creditor was apprised that a homestead claim had been made against the land. He acted upon the notice and filed a petition to have the homestead set off. No other or further notice to the sheriff was necessary. It was then a matter for the court to determine from the petition of the plaintiffs and such other pleadings, as might be properly filed in the proceeding.

The defendant complains because the homestead set off, although appraised at $2,000, was really of the value of but $1,000, because in the appraisal was included property which was not subject to 'the homestead claim. If defendant was the owner of an undivided one-half interest in the land which was set off as a homestead, and if she was entitled to have the homestead carved out of her husband's undivided half interest, it is clear that the defendant has been awarded a homestead of the value of $1,000, while the value limit fixed by statute is $2,000. In many states a homestead cannot be acquired in lands that are held in co-tenancy, but such is not the rule in this state. One of the principal objects of the homestead law is to protect the debtor and his family in the possession of a home. The homestead law has always been liberally construed in this state with a view to promoting its beneficent purposes. It is no concern of the creditor that the debtor's interest in the land is an undivided interest or that it may be less than a fee title to all the premises out of which he claims a homestead. In *Giles v. Miller*, 36 Neb. 346, it was held that "a homestead may be claimed in lands held in joint-tenancy," and that "an undivided 'interest in real estate, accompanied by the exclusive occupancy of the premises by the owner of such interest and his family as a home, is sufficient to support a homestead exemption." Under the rule laid down in that case Andrew J. McClanahan was entitled to a homestead exemption out of his undivided half interest in the lands in controversy. When he deserted his wife and family, leaving them in the possession of the home, the

right to claim the same homestead exemption passed to his deserted wife and family. Again, section 2 of the homestead act (Comp. St. 1907, ch. 36) authorizes the selection of the homestead from the separate property of either the husband or wife, but from the property of the wife only with her consent. In this case the wife has not consented, and is strenuously objecting to the homestead being selected from her separate property. Without that consent it cannot be taken from her property. It naturally follows that the homestead set off to the defendant, while appraised at $2,000, is of the value of $1,000, for her undivided half interest in the land set off as a homestead cannot be considered as a part of the homestead.

We recommend that the orders of the district court directing the appraisement, and setting off of the homestead and the confirmation of the report of the appraisers be reversed and set aside and the cause remanded, with directions to restore to the files defendant's answer, and for further proceedings according to law.

DUFFIE, EPPERSON and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the orders of the district court directing the appraisement and setting off of the homestead and the confirmation of the report of the appraisers are reversed and set aside and the cause remanded, with directions to restore to the files defendant's answer, and for further proceedings according to law.

JUDGMENT ACCORDINGLY.