THOMAS J. DOMAN ET AL., APPELLANTS, v. WILLIAM T. FENTON, SHERIFF, ET AL., APPELLEES.

FILED MAY 4, 1914.    No. 17,730.

1. **Homestead:** TENANCY. A homestead may be claimed in lands held in joint tenancy or tenancy in common.

2. ———: EQUITABLE TITLE. The ownership of an occupying claimant need not be of an estate in fee simple, but the owner of an equitable title, occupying under a contract of purchase, may claim the homestead exemption under the statute.

3. ———: ABANDONMENT: BURDEN OF PROOF. "It appearing from the evidence that the premises had been occupied by the debtor as a homestead, the burden is upon the execution creditor to show both removal therefrom and intentional abandonment." *Union Stock Yards Nat. Bank v. Smout,* 62 Neb. 227.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Reversed with directions.*

*Reavis & Reavis,* for appellants.

*John Wiltse, contra.*

REESE, C. J.

This is an action to enjoin the sheriff of Richardson county from selling, under execution, lots 7 and 8, in block 130, in the city of Falls City. It is alleged in the petition that plaintiffs are the legal owners of one-fourth interest in the lots, two-fourths being owned by certain minor children, relatives of Mrs. Doman, and who have constituted a part of her family since the decease of Mrs. Doman's sister-in-law, the mother of said children, some five years before the commencement of the suit; that the other one-

fourth interest is held by a brother of the two minor children, and who had entered into an agreement with plaintiff, who was then Mrs. McPherson, that if she would take into her family and care for the minor children of his deceased mother he would transfer his interest in the property to her; that before her marriage to her coplaintiff, Thomas J. Doman, she, with the minor children referred to, had occupied the house and premises as her and their homestead, and upon her marriage to Doman, while still holding her homestead right to said property, they had temporarily occupied other and more convenient property, renting the homestead to tenants, but with the intention to return, improve and occupy the property as soon as vacated by their tenants; that the legal title to Mrs. Doman's interest has since been conveyed by her to her husband Thomas J. Doman, but her homestead right still exists; that the homestead is of less value than $2,000; that Mary E. Kentner obtained a judgment against plaintiff Mrs. Doman, has caused execution to be issued thereon and placed in the hands of defendant Fenton, sheriff, who threatens to levy the same upon said property and sell it; that the judgment is not a lien thereon, has never been, the property being exempt as the homestead of plaintiffs. The prayer is for an injunction restraining defendant from proceeding to make the levy and sale, and for general relief.

Mary E. Kentner, the judgment plaintiff, was substituted as defendant, and filed an answer to the petition, in which it is alleged that on the 14th day of September, 1911, she recovered a judgment against Isabel McPherson (now Isabel Doman, plaintiff) before a justice of the peace for the sum of $100 and $2.50 costs; that a transcript was taken of said judgment and filed in the office of the clerk of the district court for said county on the 16th day of September, 1911; that Isabel McPherson, now Doman, first acquired title to the one-fourth interest in said property by a deed on the 12th day of September, 1910, which was filed for record October 4, 1910; that the deed from Isabel Doman to Thomas J. Doman, her hus-

band, was executed on the 26th day of October, 1911; that the other interests in the property are as stated in the petition. The occupancy of the premises as a homestead by plaintiffs is denied, and it is alleged that the judgment is a valid lien upon the premises, and there is no equity in plaintiffs' petition. There is a general denial of all other averments in the petition. Prayer for dissolution of the restraining order and that plaintiffs' action be dismissed. The reply is a general denial. The cause was tried to the court, resulting in a general finding in favor of defendant and a dismissal of the suit. Plaintiffs appeal.

It is insisted that the suit was prematurely brought, as it was not alleged that any act had been committed by the sheriff or defendant Kentner in the way of seizing or levying upon the property. Strictly speaking, this is perhaps true, especially since the general denial should, we think, in strictness, be held to deny that defendant intended to levy upon the property, or that such a levy was threatened, but, as we have often held, this court will not depart from the theories and issues actually adopted and tried by the parties; and, instead of following the technical issues as presented by the pleadings, we will treat the case on its merits as though the levy was in reality made. It must be conceded that the cause was not as carefully and thoroughly tried as is usually done by the bar of Richardson county, and some features of the case were not brought out by the evidence as fully as they should have been.

It appears to be sufficiently proved that some five years before the trial the sister-in-law of Mrs. McPherson, now Mrs. Doman, died leaving minor children. Those children had before that time been cared for and maintained by Mrs. McPherson, but after the decease of their mother it was agreed by their older brother, who was of lawful age, and Mrs. McPherson that she should take the children into her family, care for and maintain them, and for which the brother, who owned one-fourth interest in the property, was to convey his interest to her upon such terms as might be agreed upon. Under this arrangement she took possession of the property with the minor children as one

family and occupied it as a home. By this arrangement and its performance on her part, she had an equity in the property. If there was at that time an absolute agreement with the older brother to convey his interest in the property to her, with which she complied and took possession, this would constitute an equity in her favor. It further appears that soon after another brother who owned a one-fourth interest in the property, having become of mature age, conveyed his interest to Mrs. McPherson, who subsequently conveyed it to her present husband, Mr. Doman. We think there was no time following the death of the mother of those minor children and Mrs. McPherson's agreement with the older brother, who was not a minor, the assumption of her obligation to the minors on her part, and who then owned three-fourths of the title, the two minors yet owning one-half interest, when considered in connection with her absolute possession, occupation and control of the property, she did not have a sufficient equity to support a homestead right.

In *Giles v. Miller,* 36 Neb. 346, we held that "an undivided interest in real estate, accompanied by the exclusive occupancy of the premises by the owner of such interest and his family as a home, is sufficient to support a homestead exemption." It is provided in section 3090, Rev. St. 1913 (Comp. St. 1911, ch. 36, sec. 15) that the family may consist of "the minor child of a deceased brother or sister." As the children maintained by Mrs. McPherson were the children of her deceased sister-in-law, they fall within the protection of the statute, and, with Mrs. McPherson, constituted the family.

Proof of abandonment of the homestead is wanting. It is shown by the testimony of Mrs. Doman, formerly Mrs. McPherson, that when she left the home on the lots in dispute, it was with the fixed purpose and determination to return, and with no intention of a permanent abandonment of her homestead right. A portion of her household furniture was left and still remains in the house, which is temporarily occupied by a tenant, the rent being paid

96 Neb. 7

to her or to her present husband, and applied to the clothing and necessities of the children. The fact that the family leased and removed to a more commodious house, the lease being from month to month, is not in any sense conclusively contradictory of plaintiffs' testimony asserting a continued purpose to return and improve the property as soon as the outstanding interests could be secured. So long as there was no intention to abandon the homestead, the temporary absence could not affect the right. The occupancy having been shown, the burden is upon the execution creditor to show both removal therefrom and intentional abandonment. *Union Stock Yards Nat. Bank v. Smout,* 62 Neb. 227.

The decree of the district court is reversed and the cause remanded to that court, with directions to reinstate the restraining order and grant a perpetual injunction against the defendants as prayed for in the petition.

REVERSED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.