In re Estate of Edward G. Dovey.

Frank E. Schlater, Administrator, Appellant, v. George E. Dovey, Administrator, Appellee.

Filed February 1, 1918. No. 20334.

1. Executors and Administrators: Accounting: Estoppel. An administrator was appointed, but filed no inventory. The widow and heirs thereafter consented that the funds belonging to the estate should be paid into a partnership business formerly owned and carried on by the deceased and his son, the administrator, and after the death of the father the business was conducted by the sons; each of the parties, including the widow, drawing money

from the firm from time to time. There were no debts. No report was ever made by the administrator, nor was one requested for more than 30 years, when the administrator of the widow, who had died a short time before, requested an accounting. *Held*, that by consent and acquiescence in this course of conduct for so many years the parties had virtually abandoned the administration proceedings, and, while the administrator of the widow is entitled to an accounting from the partnership, he is estopped to, call upon the administrator to account other than to show that all money received was paid into the partnership.

2. ———: POSSESSION OF REALTY. An administrator may take possession and control of the lands and tenements belonging to the estate of his intestate during its settlement; but, unless it is necessary to collect the rents or to sell the land to pay debts, legacies or expenses, he is not compelled to take control of the real estate.

APPEAL from the district court for Cass county: JOHN B. RAPER, JUDGE. *Affirmed as modified.*

*Jesse L. Root* and *C. A. Rawls,* for appellant.

*John L. Webster, William R. King, D. O. Dwyer, A. L. Tidd* and *Matthew Gering, contra.*

LETTON, J.

This case was begun in the county court by a petition for a citation to George E. Dovey, as administrator of the estate of E. G. Dovey, deceased, for an accounting. Upon appeal to this court from a former judgment (opinion reported in *In re Estate of Dovey,* 99 Neb. 744) the judgment was reversed and the case remanded, with directions to the county court "to make a final accounting, settlement and order of distribution of the assets of the estate of E. G. Dovey, deceased, among those interested therein, and for such further proceedings as may be necessary in the premises, not in conflict with this opinion." An execution had been issued against George E. Dovey upon the judgment thus reversed. Pending appeal he sought by a petition in equity to restrain the execution of the judgment. The proceedings were dismissed in the district court,

but that judgment was reversed by this court. *Dovey v. Schlater,* 99 Neb. 735. In the petition in the latter action George E. Dovey alleged practically the same facts as are pleaded by him in this case in his answer. A full statement of the facts in controversy between the parties may be found in the reports of the decisions above referred to. The answer in the county court, after setting forth the facts alluded to, pleads that the administrator never received, and does not now have, any money or property in his possession as administrator of the estate of E. G. Dovey, and recites that the disposition which was made of the property was had with the knowledge, consent and approval of each of the parties in interest. He asks that his report be allowed and approved, and that he be discharged as administrator. After the case was remanded to the county court, Oliver C. Dovey and Horatio N. Dovey, who had taken no part in the proceedings, appeared, so that all parties interested are now before the court. The county court found against the administrator, and the case was again appealed to the district court. After the evidence was submitted, that court made findings of fact, and found generally for George E. Dovey, as administrator, as against all the other claimants, and from this judgment Frank E. Schlater, as administrator of the estate of Jane E. Dovey, appeals.

The action was dismissed without prejudice to the rights of the special administrator, Oliver C. Dovey, and Horatio N. Dovey to have an accounting in the case of George E. Dovey et al. v. Frank E. Schlater, now pending, in which an account has been directed.

The record is voluminous, but the principal facts upon which the result of the action depends are not in much dispute. It seems clear that George E. Dovey, while nominally administrator, acted in that capacity no farther than to collect several debts owing the estate of E. G. Dovey, deceased, and these proceeds, as well

as all the other personal property of the estate, were delivered to and retained by the partnership by common consent. It is not shown that he ever took possession of the real estate as administrator. Part of it was afterwards sold, not by George E. Dovey, as administrator, as alleged by appellant, but by the heirs, who joined in the conveyance. This money was also paid into the partnership funds, and an accurate account of it kept. In short, the mother and sons owned all the property and treated it and the business of the partnership as a family matter; no one else being interested. Mrs. Jane A. Dovey lived in the family of Horatio. She was apparently contented that her sons should conduct the partnership business, and contented to receive the income from her share of the estate after it had been turned in to the common mass. This manner of proceedings was concurred in by Jane A. Dovey and the other heirs for more than 30 years. In her lifetime she never requested an inventory or an accounting from George E. Dovey, as administrator, and none was ever filed, nor was any such request made by Horatio or Oliver. Administration was practically dispensed with by common consent. Apparently no money was ever paid by George, as administrator, to Mrs. Dovey, but many thousand dollars were paid to her from the funds of E. G. Dovey & Son.

It is contended that it was the duty of the administrator after one year from the date of his appointment to close up the estate, and that the statute of limitations is not available as a defense in the hands of a trustee as against the *cestui que trust*. Both of these contentions are sound, but we think the principles are not applicable to the facts in this case. The estate was practically wound up when the administrator collected the few debts due the estate and paid the money into the partnership. The heirs and the widow, who were the only parties interested, concurred in this abandonment of the proceedings. It was competent

for them to agree to an adjustment of their rights through other than the regular channels of the probate court. The statute of limitations is not the defense urged, but consent and acquiescence in a different course of procedure, and practically an estoppel against a change of position. The district court properly held that Mrs. Jane A. Dovey and the other heirs were bound by this course of conduct, and that after her death her administrator could not, after the lapse of so many years, assume a different position to the loss and detriment of George E. Dovey.

In this proceeding it is unnecessary to consider what interest, if any, Mrs. Jane A. Dovey held in the partnership fund after the settlement was made with Oliver and he retired from the firm. No relief could be granted her administrator, as against the firm, in this action, and the question is left open for determination in the other suit.

It is urged that the county court followed strictly the direction of this court when the former judgment was reversed. The order was then made that an accounting should be had and distribution made of the assets. The administrator accounted for the disposition of the property as consented to by the widow and heirs, and, having done so, there was nothing to distribute. It may be said that upon the reversal of the judgment in the other suit, at the same time, the district court was directed to settle and determine the principal questions sought to be tried in this case. If proper issues are made in that case, we see no reason why the whole controversy cannot be finally determined therein.

The appellant complains that the petition asked the court to determine the names of the heirs of the estate. The decree of the county court covered the matter, but that of the district court makes no finding in this respect. It is hereby modified so as to find that, on the death of E. G. Dovey, Jane A. Dovey became his

widow, and that his only heirs were George E. Dovey, Horatio N. Dovey, and Oliver C. Dovey, and it is so adjudged. As thus modified, the judgment is affirmed; costs taxed to appellant.

AFFIRMED AS MODIFIED.

SEDGWICK, J., not sitting.