Thompson v. Todd.

A. C. THOMPSON, PLAINTIFF, V. JOHN H. TODD ET AL., APPELLANTS: M. E. MICHELSON, APPELLEE.

FILED JULY 15, 1921.   No. 21663.

Homestead: FORECLOSURE SALE: ESTOPPEL. One T. was the owner of six lots covered by a mortgage, two of which lots were occupied

as the family homestead. The property was sold separately under foreclosure proceedings in which a judgment creditor was found to have a second lien. T. took a nine month's stay of the order of sale under the statute. *Held*, this did not estop him from claiming, after confirmation, the surplus proceeds arising from the sale of the homestead property.

APPEAL from the district court for Wheeler county: BAYARD H. PAINE, JUDGE. *Reversed, with directions.*

*Albert & Wagner* and *J. M. Shrere*, for appellants.

*A. L. Bishop*, contra.

Heard before LETTON, DAY and DEAN, JJ., GOOD and RAPER, District Judges.

LETTON, J.

This was a suit to foreclose a mortgage on six lots belonging to John H. and Mary E. Todd, two of which constituted their family homestead. M. E. Michelson was the owner of a judgment against the Todds. The two lots constituting the homestead were sold separately from the other four, the homestead bringing $700 and the other lots $600. After the satisfaction of the mortgage debt there remained about $568 surplus. Defendants filed a petition to have this surplus paid to them by virtue of their homestead right in the two lots. Cross-petitioner Michelson objected, claiming the same by virtue of the lien of her judgment, and also pleading that defendants Todd are estopped from asserting the homestead right at this time, having filed a request for a stay of the order of sale, which was granted.

The court found that, on account of a stay having been requested, the Todds were estopped to claim the surplus. A case very similar in its facts is *Hooper v. Castetter*, 45 Neb. 67. In that case the court held that the question of the homestead right of the mortgagor was not involved nor litigated in the foreclosure suit; that the decree rendered therein was not a bar to the mortgagor's application to have the surplus paid to him in lieu of his

homestead; that, though the judgments were liens upon the real estate, they were subject to the mortgagor's homestead rights in the property; that the decree in the foreclosure suit finding the judgments were liens and ordering them paid out of the surplus should be construed to mean that they were liens and should be paid out of the surplus, subject to the mortgagor's homestead rights; that the judgment creditors did not acquire by the decree any greater liens upon or right to the money than they had against the property, and that the surplus might be claimed as exempt at any time before it was finally distributed by the order of the court.

We are satisfied with the reasoning in that case. It is decisive of the question presented. The judgment of the district court is reversed and the cause remanded, with instructions to award to defendants Todd the surplus arising from the sale of their homestead.

REVERSED.