EDWARD J. CONNOR ET AL., APPELLANTS, V. CHARLES B. MCDONALD, SHERIFF, ET AL., APPELLEES.

FILED JANUARY 2, 1931. No. 27339.

*Morsman & Maxwell,* for appellants.

*Montgomery, Hall, Young & Johnsen, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON, EBERLY and DAY, JJ.

Rose, J.

This is a suit in equity to enjoin a sheriff's sale of lot 26, block 1, in Brevoort Place, Omaha, under executions on two judgments, and to cancel the apparent liens thereof as clouds on the title of plaintiffs.

The judgments were entered in the municipal court of Omaha; one for $254.32 December 24, 1925, and the other for $954.21 December 31, 1925. A transcript of each was docketed in the district court for Douglas county January 6, 1926. The sheriff received executions on the judgments September 28, 1928, levied on the lot October 3, 1928, and eight days later advertised it for sale on November 13, 1928. The judgment creditor was Louis Bradford Lumber Company and the sole judgment debtor was Alfred J. Abramson. The executions were stayed by a preliminary order.

When the transcripts of the judgments were docketed in the district court, Alfred J. Abramson and Emma Abramson, his wife, owned the lot, each having an undivided one-half interest therein, subject to a 3,500-dollar mortgage, the proceeds of which had been devoted by them to the construction of a dwelling house thereon. While they were occupying the premises as a homestead, they conveyed the improved lot by warranty deed February 17, 1926, to John Abrahamson, father of Alfred J. Abramson, the latter having abbreviated his patronymic. This conveyance was subject to the existing mortgage, and the grantee, a widower, conveyed the lot by warranty deed May 11, 1928, to Edward J. Connor and Catherine C. Connor, his wife, subject to a new 3,500-dollar mortgage, with the proceeds of which the lien of the prior mortgage was released.

In the present suit in equity Edward J. Connor and Catherine C. Connor are plaintiffs. Charles B. McDonald, sheriff of Douglas county, and Louis Bradford Lumber Company, judgment creditor, are defendants. Plaintiffs seek equitable relief by injunction on the grounds that they acquired by their warranty deed the entire interests of Alfred J. and Emma Abramson and also of John Abra-

hamson, including the homestead, subject to the second 3,500-dollar mortgage; that the entire homestead exemption was allowable out of the undivided one-half interest of Alfred J. Abramson; that, long before the transcripts of the judgments were docketed in the district court, and continuously since, the lot has been occupied as a homestead by Alfred J. and Emma Abramson, and their successors in title; that the first mortgage lien of $3,500 and the homestead exemption of $2,000 far exceeded the value of Alfred J. Abramson's undivided one-half interest in the lot and that therefore he had therein no interest or property right to which the judgments could lawfully attach. The facts and grounds of relief outlined are pleaded in detail by plaintiffs in their petition in equity.

The grounds on which the application of plaintiffs for equitable relief was defended, as shown by the answer to the petition, were that the warranty deed to John Abrahamson was a subterfuge and fraudulent as to creditors, conveying title in secret trust for his son; that by reason thereof the judgments became liens on the interest of Alfred J. Abramson, depriving him and subsequent grantees of any right to exemption, since they were all chargeable with the notice imparted by the previous public record of the judgments when the transcripts were docketed in the district court; that, even had there been no conveyance in secret trust by which the judgment debtor lost his right to claim a homestead exemption of $2,000, his claim therefor would be allowable out of the joint interests of himself and wife; that in any event he had in the lot, when deeded to his father, a property right to which the judgments attached as liens. Unadmitted new facts pleaded in the answer were put in issue by a reply.

Upon a trial below the district court found the issues in favor of defendants and dismissed the suit. Plaintiffs appealed. The cause was heard before the commission and a judgment of reversal followed. A reargument before the supreme court was granted and the record was again submitted for further consideration.

The principal question presented by the appeal is the identity of the particular property or estate that supported the homestead when the transcripts of the judgments were docketed in the district court January 6, 1926, and when Alfred J. and Emma Abramson, husband and wife, conveyed the lot by warranty deed to John Abrahamson February 17, 1926. In Nebraska, homestead rights and exemptions were created by statutes that leave the selection of the homestead to the owner or rightful claimant. Comp. St. 1922, sec. 2816. The statute specifically provides:

"If the claimant be married, the homestead may be selected from the separate property of the husband, or with the consent of his wife from her separate property." Comp. St. 1922, sec. 2817.

This means that the homestead can only be selected from the separate property of the wife with her consent. The statute has been so construed. *First Nat. Bank of Tekamah v. McClanahan,* 83 Neb. 706; *Zeng v. Jacobs,* 101 Neb. 645. Whatever the law may be elsewhere, the rule in Nebraska is:

"An undivided interest in real estate, accompanied by the exclusive occupancy of the premises by the owner of such interest and his family as a home, is sufficient to support a homestead exemption." *Giles v. Miller,* 36 Neb. 346; *Doman v. Fenton,* 96 Neb. 94.

In the present instance the husband and the wife purchased the lot, and took the title, each owning an undivided half interest, built a house thereon with the proceeds of the mortgage executed by both and thereafter continuously occupied the premises as their home until after they conveyed to John Abrahamson the title to the entire estate by warranty deed, subject to incumbrances. These facts are established by the evidence without dispute. The record contains no evidence that the wife consented to the selection of the homestead from her separate estate—her undivided half interest. It follows therefore that the husband's undivided half interest in the improved lot supported the homestead.

Did the judgments docketed during the existence of the homestead while occupied by the husband and the wife become liens on the husband's interest in the property on which the sheriff levied? The law is that there were no such liens, if the first mortgage, the other valid incumbrances, and the homestead exemption of $2,000 exceeded the value of the husband's undivided half interest in the real estate. Well established rules were formerly stated as follows:

"The extent of a homestead is to be determined by the claimant's interest in the land, and not by the fee-simple value of the premises. In determining his homestead interest, valid mortgages and other liens are to be deducted from the value of the land, and not from the $2,000 homestead exemption." *Corey v. Plummer*, 48 Neb. 481.

In the case at bar one witness testified that the gross value of the premises was $6,000 January 6, 1926, when the judgments were docketed in the district court, and February 17, 1926, when the husband and wife executed their warranty deed. This was higher than the estimates of other witnesses. On that basis the gross value of the undivided half interest of the husband did not exceed $3,000. The unpaid debt secured by the first mortgage, the taxes, the special assessments and the homestead exemption of $2,000, on the dates mentioned, far exceeded $3,000. The net value of the homestead estate alone, therefore, was less than $2,000. It follows that the husband never had in the lot a property right to which the judgments attached and they did not become liens on any part of the real estate in controversy while he and his wife were the owners of the fee. They were free to transfer their title to John Abrahamson without any interference from the judgment creditor. The evidence does not prove any fraud in that transaction or disclose a secret trust in favor of grantee's son. By purchase and warranty deed plaintiffs acquired all the rights of the husband and the wife in and to the lot, including the homestead estate. In a former opinion it was held:

"A purchaser of a homestead of the net value of not to exceed $2,000 takes the same free from the lien of a

judgment docketed prior to such purchase and during the existence of the homestead right." *Radbruck v. First Nat. Bank,* 95 Neb. 288.

The judgment of the district court and the former judgment of the supreme court herein are set aside and the dismissed cause reinstated, with directions to the court below to enter a decree granting an injunction pursuant to the prayer of the petition and removing the cloud that the judgments on which the executions were issued cast on the title of plaintiffs. ·

REVERSED.