J. H. MELVILLE LUMBER COMPANY, APPELLEE, V. JOHN T. MARONEY ET AL., APPELLEES: IMPLEADED WITH M. M. LEONARD, APPELLANT.

16 N. W. 2d 527

FILED DECEMBER 8, 1944. No. 31803.

*Johnson & Johnson,* for appellants.

*George W. Wiebusch, contra.*

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

MESSMORE, J.

In this case a judgment creditor seeks to have the sum of $1,145.45, one-half of the surplus over and above the

amount realized on a mortgage foreclosure, paid to him, to be credited on his judgment. The trial court decreed and adjudged that such amount be paid one of the surviving heirs at law in lieu of the homestead interest of such heir, as contemplated by section 40-101, Comp. St. 1929. The judgment creditor appeals.

The record discloses that Timothy P. Maroney died intestate on February 10, 1935; his wife preceded him in death. He left as his sole and only heirs at law two children, Mary Knoell, a daughter, and John T. Maroney, a son. Among the assets of his estate were 240 acres of farm land, involved in this action, certain town lots and buildings, and an additional 40 acres of land. The 240 acres were encumbered by a real estate mortgage given to the plaintiff, dated March 7, 1933. On March 11, 1935, Mary Knoell was appointed administratrix of the estate, which has not been closed. On March 26, 1935, the judgment creditor obtained a judgment against John T. Maroney for the sum of $5,052 and costs. Pursuant to plaintiff's petition filed for foreclosure of its mortgage lien, sale of the real estate was had on November 27, 1939, and the surplus over and above the amount of the decree of foreclosure amounted to $2,289.45. Of this amount $1,144 was paid to the administratrix, and the balance of $1,145.45 remained in the possession of the clerk of the district court.

The judgment creditor on September 16, 1939, filed an answer and cross-petition, asking that he be paid one-half of the proceeds of the sale of the real estate after payment of the mortgage, interest and costs. The administratrix filed an application for all of the proceeds in excess of the amount required to pay the decree, claiming the same for the purpose of paying debts, claims and expenses. John T. Maroney filed an application for one-half of the proceeds of the sale after payment of the decree, interest and costs, claiming to be the owner of the land, and that it was not subject to the judgment lien of the creditor, being exempt under the homestead laws of this state. The judgment

creditor replied to the application of the administratrix, setting forth that she was derelict in her duty and negligent in several respects, causing loss to the estate, and asked for an accounting.

The judgment creditor did not file a claim against the estate. The administratrix was allowed the sum of $2,300 on a claim for care rendered the deceased during his lifetime. All of the debts and obligations of the estate are paid, with the exception of the claim of the administratrix upon which $700 has been paid. It is apparent that the judgment creditor preferred to rely upon his judgment lien and was not a party to the estate matter.

The judgment creditor filed a reply to the application of John T. Maroney, denying that there existed a homestead interest in the real estate; alleged that John T. Maroney and his wife occupied the same as tenants and not as owners, and it was the duty of the administratrix to collect from them as tenants until all claims and expenses were finally settled, and that they could not occupy the same as owners until the debts and expenses were paid.

John T. Maroney was born on this land in 1889, lived there continuously, and on April 26, 1911, was married. Thereafter he and his wife occupied the 240 acres as a home and raised their three children on this farm. Arrangements were made for the payment of some cash rent for the pasture and crop rent beginning in 1910. This continued until 1928. The record is vague as to just what rent, if any, was paid thereafter by Maroney. There is evidence of certain improvements made on the farm and the building of a house in 1914, which he and his wife occupied; evidence of a granary built in 1916, a barn in 1924, and a basement under the house in 1929. The latter improvements, not including the house, were paid for by the occupants, and the house was modernized by them. There is also in the record a tax redemption certificate in the amount of $290 for the year 1930 and subsequent tax for 1931 paid by John T. Maroney.

Timothy P. Maroney, the father, went to live with Mrs. Knoell in 1929 and visited the farm occasionally thereafter, a few days at a time. After the death of the father, no rent was paid by the son and none was demanded of him. He occupied the farm and carried on the business of farming on the 240 acres until he and his wife were forced to leave the premises by virtue of a writ of assistance issued March 9, 1940. The evidence shows that John T. Maroney and his wife Ora intended at all times to occupy the premises as their home, and, in fact, from February 10, 1935, six weeks before the judgment creditor obtained his judgment, were living on the land and occupying it as a home.

"Where an ancestor dies intestate his lands descend instantly to his heirs. It does not require settlement of his estate or a probate order declaring heirship to vest the title." *Johnson v. Colby,* 52 Neb. 327, 72 N. W. 313. See, also, *Shellenberger v. Ransom,* 31 Neb. 61, 47 N. W. 700, 41 Neb. 631, 59 N. W. 935. Therefore, on February 10, 1935, John T. Maroney, as one of the two sole surviving heirs of Timothy P. Maroney, was vested with a half-interest in the fee title to the 240 acres of land. At that time, he was occupying the land as a home. A homestead in this state has been defined as the land and buildings occupied by the owner as a home for himself and family, protected by law from his creditors. *Meisner v. Hill,* 92 Neb. 435, 138 N. W. 583.

The appellant contends that the court erred in finding that all right, title and interest which John T. Maroney had in the proceeds from the sale of the real estate was exempt from all judgment liens, under the provisions of section 40-101, Comp. St. 1929, and that the judgment creditor acquired no right or interest in the proceeds of the sale.

In view of the foregoing holding, it is immaterial in what manner the intestate's son occupied the premises prior to the date of the intestate's death. Section 40-101, Comp. St. 1929, provides:

"A homestead not exceeding in value two thousand dollars, consisting of the dwelling house in which the claimant resides, and its appurtenances, and the land on which the same is situated, not exceeding one hundred and sixty acres of land, to be selected by the owner thereof, * * * shall be exempt from judgment liens, * * * ."

In *Quigley v. McEvony*, 41 Neb. 73, 59 N. W. 767, it was said (p. 82) : "The statutory exemption of a homestead was intended and enacted in the interest of, and for the benefit of, the debtor, and it is the policy of the law that such enactments be liberally construed, so that the intention of the legislature shall be enforced and carried out to its fullest and greatest extent, * * * ." Followed in *Bliss v. White*, 132 Neb. 651, 272 N. W. 769. See, also, *Dougherty v. White*, 112 Neb. 675, 200 N. W. 884.

There is some contention on the part of the judgment creditor that, in determining the homestead selection, an undivided interest in real estate may not be considered. This court, in the following decisions, expressed the rule in Nebraska:

"An undivided interest in real estate, accompanied by the exclusive occupancy of the premises by the owner of such interest and his family as a home, is sufficient to support a homestead exemption." *Giles v. Miller*, 36 Neb. 346, 54 N. W. 551. See, also, *Connor v. McDonald*, 120 Neb. 503, 233 N. W. 894; *Doman v. Fenton*, 96 Neb. 94, 147 N. W. 209.

In *First Nat. Bank of Tekamah v. McClanahan*, 83 Neb. 706, 120 N. W. 185, a discussion of the rule in Nebraska is expressed as follows: "In many states a homestead cannot be acquired in lands that are held in co-tenancy, but such is not the rule in this state. One of the principal objects of the homestead law is to protect the debtor and his family in the possession of a home. The homestead law has always been liberally construed in this state with a view to promoting its beneficent purposes. It is no concern of the creditor that the debtor's interest in the land is an undivided interest or that it may be less than a fee title to all

the premises out of which he claims a homestead." And, also, in *Hoy v. Anderson*, 39 Neb. 386, 58 N. W. 125, this court held:

"The extent of a homestead is not to be determined from the fee-simple value of the land, but from the value of the homestead claimant's interest therein." The extent of a homestead is to be determined by the claimant's interest in the land and not by the fee-simple value of the premises, and in determining his homestead interest valid mortgage and other liens are to be deducted from the value of the land and not from the 2,000-dollar homestead exemption. To like effect are *Prugh v. Portsmouth Savings Bank*, 48 Neb. 414, 67 N. W. 309; *Corey v. Plummer, Perry & Co.*, 48 Neb. 481, 67 N. W. 445; *Connor v. McDonald, supra.*

With specific reference to the right to claim the surplus money in lieu of the homestead exemption, the following authorities are pertinent to the instant case:

The claimant of the homestead exemption has a right to claim surplus money in lieu of his homestead exemption at any time before the same is finally distributed. *Hooper v. Castetter*, 45 Neb. 67, 63 N. W. 135. And in *Morrill v. Skinner*, 57 Neb. 164, 77 N. W. 375, this court held:

"When a homestead is sold to satisfy a mortgage thereon, the owner is entitled to have the amount of his homestead exemption set off to him from the surplus proceeds of sale after satisfying the debt which was a lien on the homestead interest, and before the application of any part of the proceeds to the satisfaction of debts against which the homestead exemption might be claimed." See, also, *Thompson v. Todd*, 106 Neb. 545, 184 N. W. 96.

The judgment creditor's contention, that because John T. Maroney did not claim the homestead interest prior to the sale of the premises by the sheriff such right was waived, is, therefore, not meritorious.

The judgment creditor contends that section 30-406, Comp. St. 1929, is binding upon the administratrix and for her non-compliance therewith he is entitled to one-half of

the proceeds of the surplus over and above an amount to satisfy the mortgage decree. Section 30-406 provides in part: "The * * * administrator shall have a right to the possession of all the real as well as the personal estate of the deceased, and may receive the rents, issues and profits of the real estate, until the estate shall have been settled, or until delivered over, by order of the county court, to the heirs * * * and shall keep in good tenantable repair all houses, buildings, and fences thereon which are under his control."

*In re Estate of Dovey,* 102 Neb. 147, 166 N. W. 353, is cited in which we held: "An administrator may take possession and control of the lands and tenements belonging to the estate of his intestate during its settlement; but, unless it is necessary to collect the rents or to sell the land to pay debts, * * * or expenses, he is not compelled to take control of the real estate." In this connection the following cases are applicable:

In *Lewon v. Heath,* 53 Neb. 707, 74 N. W. 274, this court said: "If the title passes to and vests in the heirs, as it most certainly does, then the possessory right goes with it, except to the extent it is placed by law in the administrator, which is not exclusively or absolutely, but optionally with him, and for purposes indicated by statute and for none other; * * * ." The court quoted with approval from *Jones v. Billstein,* 28 Wis. 221, as follows: "As we understand the statute, it gives the personal representative the power to reduce the real estate to his actual possession should he think proper, or should the probate court direct him so to do, but it does not imperatively require him to take possession thereof, and until he does so the common right of the heir to the possession remains unimpaired."

In the instant case the administratrix did not take possession of the 240 acres of land. Regardless of the manner in which she handled the estate, which is not an issue here, the fact remains that all of the debts and obligations of the estate are paid except a portion of her own claim.

In *Tunnicliff v. Fox,* 68 Neb. 811, 94 N. W. 1032, this court held: "Under the law of this state, an executor can not be charged with the rent of real estate until it becomes necessary or proper to reduce such real estate to actual possession for the protection of the creditors of such estate, or until the executor is ordered so to do by the proper court."

"Under the homestead law in force in this state a judgment is a lien alone on the debtor's interest in lands, impressed with the character of a homestead, in excess of $2,000. This principle has been so frequently recognized in this jurisdiction as not to require discussion, or the citation of authorities in its support." *Farmers Loan & Trust Co. v. Schwenk,* 54 Neb. 657, 74 N. W. 1063.

Other contentions of the appellant are without merit, and for the reasons given in this opinion the decree and judgment of the district court are affirmed.

AFFIRMED.