FRANK E. EDGERTON, EXECUTOR OF THE LAST WILL AND TESTAMENT OF THOMAS H. SMITH, DECEASED, APPELLANT, v. HAMILTON COUNTY, NEBRASKA ET AL., APPELLEES.

36 N. W. 2d 258

Filed March 3, 1949. No. 32537.

*Edgerton & Powell,* for appellant.

*E. D. Warnsholz, Charles F. Adams, James H. Ander-*

*son,* Attorney General, and *Homer L. Kyle,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This action is brought by the executor of the estate of Thomas H. Smith for a declaratory judgment to determine the question of an exemption of an asserted homestead from claims of creditors under the provisions of section 40-117, R. S. Supp., 1947. The declaratory judgment rendered by the district court was contrary to plaintiff's contentions. He appeals. We affirm the judgment of the district court.

The issues were made in the trial court and here on appearances by the county, its treasurer, and its director of assistance office.

The facts were stipulated. The stipulation recites that Thomas H. Smith and Kate G. Smith were the "joint owners" of two lots in the city of Aurora, having received title to one lot in 1907 and to the other in 1908. The character of the joint ownership is recited in the stipulation, but since it is not material to the question presented, the recital is not set out here. After purchase the Smiths erected a two-story building on the lots and from about 1908 until their deaths resided therein as their homestead.

Kate G. Smith died on February 7, 1946, and Thomas H. Smith died on March 27, 1947. Plaintiff was appointed and qualified as executor of his will. Thomas H. Smith had neither widow nor dependents at the time of his death.

Hamilton County, pursuant to section 68-215, R. S. 1943, authorizing reimbursement for old age assistance from recipient's estate, filed a claim for $3,063.84 against the estate. The claim was allowed on October 27, 1947, as a claim of the fourth class. Likewise a claim was allowed, in part as a claim of the second class and in part as a claim of the fourth class, to one Lela Hamilton. Lela Hamilton was named as a party defendant in the

caption of plaintiff's petition. The record does not show that she was served with summons and she does not appear in this action.

· While not expressly stated in the stipulation or the pleadings, it appears from recitals in the proceedings that the property has been sold under a provision in the will and the proceeds held by the executor.

Plaintiff contends that $2,000 of the value of the premises was exempt as a homestead and passed to the heirs of Thomas H. Smith free from the claims, and that section 40-117, R. S. Supp., 1947, does not change the exemption "where said homestead was selected from the property of joint tenants." Defendants contend that the entire proceeds of the sale are applicable to the payment of claims allowed against the estate. Each party sought a declaration that his construction was correct or as stated in the stipulation, each sought a determination of the meaning of the above section "with regard to the right of the devisees of Thomas H. Smith to claim a homestead right in the real estate owned by Thomas H. Smith."

Section 40-117, R. S. 1943, provided: "If the homestead was selected from the separate property of either husband or wife, it vests on the death of the person from whose property it was selected, in the survivor for life, and afterwards in decedent's heirs forever, subject to the power of the decedent to dispose of the same, except the life estate of the survivor, by will. In either case it is not subject to the payment of any debt or liability contracted by or existing against the husband and wife, or either of them, previous to or at the time of the death of such husband or wife, except such as exists or has been created under the provisions of sections 40-101 to 40-117; * * *." By amendment effective August 10, 1945, the statute provided: "If the homestead was selected from the separate property of either husband or wife, the homestead right shall terminate upon the death of the person from whose property it was selected where the

decedent does not leave surviving either a wife or husband, or a minor child, or an adult dependent blood relative who is mentally incompetent or physically incapacitated from earning a livelihood, and in such event the real estate that constituted the homestead shall be subject to the debts of the deceased and shall descend and vest upon death in the same manner as other real property of the deceased. In all other cases, the homestead vests on the death of the person from whose property it was selected, in the survivor for life, and afterwards in decedent's heirs forever, subject to the power of the decedent to dispose of the same, except the life estate of the survivor, by will. In either case it is not subject to the payment of any debt or liability contracted by or existing against the husband and wife, or either of them, previous to or at the time of the death of such husband or wife, except as above provided in this section and except such as exists or has been created under the provisions of sections 40-101 to 40-117; * * *." § 40-117, R. S. Supp., 1947.

The trial court held that the entire proceeds of the sale of the property were available to satisfy the claims of creditors as against the claims of the heirs and devisees of Thomas H. Smith. Plaintiff appeals from that determination.

It is plaintiff's contention that the 1945 amendment making the real estate that constituted the homestead exemption subject to the debts of the deceased applied only to that estate where the homestead was selected from the "separate property" of the husband or wife, and that it does not reach the property here involved because it was originally selected from jointly owned real estate.

The language, "If the homestead was selected from the separate property of either the husband or wife," has been in the statutes, unchanged, since 1879. Laws 1879, § 17, p. 61. Section 40-102, R. S. 1943, provides: "If the claimant be married, the homestead may be selected from the separate property of the husband, or with the consent

of the wife from her separate property." That language also has been in the Homestead Act since 1879. Laws 1879, § 2, p. 58.

Obviously, if plaintiff's construction of the language in section 40-117, R. S. Supp., 1947, is correct, then a question would arise as to whether or not a homestead right could attach to jointly owned property, and it could' be argued with considerable force that the Legislature intended that the homestead right attached only to property in entire ownership of one person when selected. That conclusion would be opposed to the obvious public purpose of the Homestead Act.

We have held under this act that a homestead may be claimed in land held in joint tenancy, specifically stating that the act did not specify or define the character of the ownership or interest in lands which is necessary to support the homestead right, and that any estate or interest was sufficient which gave a right of occupancy or possession accompanied by requisite occupancy. Giles v. Miller, 36 Neb. 346, 54 N. W. 551, 38 Am. S. R. 730. This decision has been repeatedly followed.

In Hoy v. Anderson, 39 Neb. 386, 58 N. W. 125, 42 Am. S. R. 591, after specifically referring to the language in question, we approved the Giles v. Miller holding. See First Nat. Bank of Tekamah v. McClanahan, 83 Neb. 706, 120 N. W. 185. In Doman v. Fenton, 96 Neb. 94, 147 N. W. 209, following the Giles v. Miller holding, we held that a homestead may be claimed in lands held in joint tenancy or tenancy in common. See, also, Connor v. McDonald, 120 Neb. 503, 233 N. W. 894; Fisher v. Kellogg, 128 Neb. 248, 258 N. W. 404; J. H. Melville Lumber Co. v. Maroney, 145 Neb. 374, 16 N. W. 2d 527.

It appears, therefore, that over a long period of years we have construed the language of section 40-102, R. S. 1943, as to the property from which a homestead may be selected, as having a meaning contrary to that contended for by the plaintiff when applied to the same language in section 40-117, R. S. Supp., 1947. The

Legislature has not indicated that we are in error in that construction. Plaintiff concedes that this construction has been given to the language of section 40-102, R. S. 1943, but argues, that the language should be given a liberal construction in order to promote the purposes of the Homestead Act; whereas, in section 40-117, R. S. Supp., 1947, that language should be given a strict construction because it is one restricting the homestead right. In short, plaintiff would have us construe the words "separate property" when used in the same act as meaning two different things. Obviously in the light of the close connection of the use that should not be done. It does not appear, however, that the construction here advanced has been urged in the prior cases.

In 1866, provision was made for the selection of a homestead "by the owner" of the land. R. S. 1866, Code of Civil Procedure, § 525, p. 484.

In 1871, the Legislature provided that a married woman had "separate property" rights in real and personal property. Laws 1870-1871, p. 68. As amended, this act is now section 42-201, R. S. 1943, and following sections. By act of the Legislature approved February 25, 1875, the Legislature repealed section 525 of the Code of Civil Procedure and enacted a new act whereby the words "to be selected by the owner thereof" were omitted, and providing that on application "of the debtor, or his wife," the homestead should be set off to the debtor. Laws 1875, § 2, p. 46.

In 1877, the Legislature passed an act to exempt homesteads from judicial sale. This act provided that the homestead "whether owned by the husband or wife" was exempt, and that the "owner, or the husband or wife" could select it. Laws 1877, §§ 1, 10, pp. 34, 35. It contained additional references to the "husband or wife."

By the act of 1879, the acts of 1875 and 1877 were repealed. Laws 1879, § 18, p. 57.

It seems clear from a review of these previous acts that

by the use of the language here involved the Legislature intended to make certain that the homestead could be selected, as it said, from the separate property of the husband or, with her consent, from the separate property of the wife in the sense of ownership in either the one or the other and not in the sense of the character of the title by which the ownership was acquired. Clearly the same meaning attaches to the words "separate property" when used in section 40-117, R. S. Supp., 1947, as in section 40-102, R. S. 1943. It follows that the contention of the plaintiff is not sustained.

Plaintiff further contends and asks for a declaration that all of the judgment for money paid to Thomas H. Smith before the 1945 amendment shall not be a "lien on this homestead." The stipulation recites that "a claim" for $3,063.84 was allowed in favor of Hamilton County. It further recites that $2,371.99 was paid up to and including August 1945, and thereafter $691.85 was paid. This question appears nowhere in the pleadings filed in the district court nor in the decree. It is raised for the first time here. It goes not to the question of the termination of the homestead exemption determined in the trial court and here, but to the amount of the claim to be paid from the $2,000 involved in the homestead exemption. Without determining whether or not this was an issue that could properly have been determined in a declaratory action in the district court, we here follow the rule that "It is a rule of universal application in appellate proceedings that the examination of the reviewing court, whether on appeal or writ of error, will be confined to the questions determined by the trial court." Lickert v. City of Omaha, 144 Neb. 75, 12 N. W. 2d 644.

The judgment of the trial court is affirmed.

AFFIRMED.