**In the Matter of Robert M. ROUSH, Debtor.**

**In the Matter of Mary K. FISHER, Debtor.**

**Bankruptcy Nos. BK97–40544, BK97–40545.**

United States Bankruptcy Court, D. Nebraska.

Dec. 1, 1997.

***

Marilyn N. Abbott, Omaha, NE, for Chapter 13 Standing Trustee.

Elizabeth Ann Govaerts and Vincent M. Powers, Lincoln, NE, for Debtors.

### MEMORANDUM

JOHN C. MINAHAN, Jr., Bankruptcy Judge.

■ These Chapter 13 bankruptcy cases present the question of whether two single people may each claim a Nebraska homestead exemption in the same jointly-owned residence. I conclude that each debtor independently qualifies as a head of family, which is a statutory requirement of the exemption,

and that each may claim their interest in the jointly-held property as exempt under the Nebraska homestead exemption.

### Facts

The debtors, Robert M. Roush and Mary K. Fisher, live together in a home which they own in joint tenancy. Each of the debtors have children who live in the home. The debtors filed separate Chapter 13 bankruptcy cases and each claim a homestead exemption of $12,500.00 in the jointly-owned property under section 40–101 of the Nebraska Revised Statutes.[1]

The Chapter 13 Standing Trustee objects to the claimed homestead exemption in each case. The motions were consolidated for hearing. The Chapter 13 Standing Trustee asserts that it is not the intent of the Nebraska Legislature to allow an unmarried couple a $25,000.00 aggregate homestead exemption, whereas a similarly situated married couple could claim only $12,500.00 as an exempt homestead.

### Law

■ In Nebraska, the homestead exemption protects families, not individual adults. The homestead exemption may only be claimed by a so-called "head of family."[2] *See* § 40–105. Single individuals who do not qualify as a head of family, are provided a modest $2,500.00 in-lieu-of-homestead exemption. *See* § 25–1552.

■ The Nebraska Supreme Court has stated many times that an undivided interest in real estate, accompanied by the exclusive occupancy of the premises by the owner and his family is sufficient to support a homestead. *See Connor v. McDonald,* 120 Neb. 503, 233 N.W. 894 (1931); *J.H. Melville Lumber Co. v. Maroney,* 145 Neb. 374, 16 N.W.2d 527 (1944). However, a close reading of the Nebraska decisional law suggests that the homestead claimant is not required

1. All further statutory citations will be to the Nebraska Revised Statutes, unless otherwise indicated.

2. Chief Judge Mahoney recently ruled that the Nebraska homestead exemption is available to a

married person without children. *See In re Roberts,* 211 B.R. 696 (Bankr.D.Neb.1997). *But see* § 40–105, which arguably addresses the question of who may claim the homestead. I need not address that issue on the facts of these cases.

to occupy the homestead to the exclusion of all other persons. After surveying early Nebraska decisional law regarding the homestead exemption, Henry H. Foster, in a 1924 law review article concluded as follows:

> It is frequently said that occupancy must be exclusive. It is true that a homestead cannot be occupied jointly by two families so that both will have homesteads therein. Also, it is true that if a tenant in common claims a homestead, he must occupy the property to the exclusion of his cotenants. But the use of the phrase 'exclusive occupancy' is unfortunate, for it is not true that all of the premises claimed as homestead must be occupied by the claimant and his family. Thus in *Guy v. Downs, [*12 Neb. 532, 12 N.W. 8 (1882)*]*, where a barn was leased to others, Judge Cobb declared: 'It is neither within the letter or the spirit of the statute that occupancy of the homestead by the debtor should be exclusive,' and pointed out that if such a requirement was enforced, in order to preserve homestead rights, parts of the premises might have to remain idle and be of benefit to no one. In *Hess v. Eselin, [*110 Neb. 590, 194 N.W. 469 (1923)*]*, a claimant occupying one apartment of an apartment house owned by him was held to have a homestead right in the whole house. (Citations omitted).

*Luenenborg v. Luenenborg,* 128 Neb. 624 at 630–31, 259 N.W. 649 at 652–53 (1935).

### Discussion

■ As the quoted language suggests, it is an erroneous interpretation of the Nebraska Supreme Court decisions to conclude that the homestead property may be occupied only by the party asserting the homestead exemption. In *Luenenborg,* the court held that a surviving widow's homestead extended not only to her house and its surrounding 5 acres, but to the entire 160 acres which had been owned by her husband, notwithstanding the fact that her son also lived on the premises in another residence. In addition, the Nebraska Supreme Court in *Foltz v. Maxwell,* 100 Neb. 713, 161 N.W. 254 (1916), held that property owned and occupied by the debtors qualified as a homestead even though the property was operated as a hotel. Under these Nebraska cases, exclusivity of occupancy is not in fact a condition precedent to eligibility for the homestead exemption.

■ This does not end the inquiry, however, as a separate question is whether each debtor may claim a homestead in the same property. The Nebraska Supreme Court has concluded that it is not necessary for a debtor to have a fee simple interest in real estate as a condition to claiming the homestead exemption. For example, the court has held that a homestead may be claimed in land held in joint tenancy. *See Edgerton v. Hamilton County,* 150 Neb. 821, 36 N.W.2d 258 (1949) (citing *Giles v. Miller,* 36 Neb. 346, 54 N.W. 551 (1893)). The court has also stated "[a]ny interest in real estate, either legal or equitable, that gives a present right of occupancy or possession, followed by exclusive occupancy, is sufficient to support a homestead right." *Mainelli v. Neuhaus,* 157 Neb. 392, at 398, 59 N.W.2d 607, at 612 (1953). The Bankruptcy Court for the District of Nebraska concluded that a lease of real estate on which the debtors' mobile home was located qualified for a homestead exemption under Nebraska law. *See In re Buzzell,* 110 B.R. 440 (Bankr.D.Neb.1990). In addition, under Nebraska law, a tenant from month-to-month was found to have a sufficient interest in property to support a claim of a homestead exemption. *See In re Foley,* 97 F.Supp. 843 (D.Neb.1951). Thus, the Nebraska homestead exemption has been broadly construed by the Nebraska Supreme Court, the bankruptcy court, and the federal district court, to permit the homestead exemption to be asserted in property in which the debtor does not have a fee simple interest.

Exclusivity of occupancy of the homestead is not required. A homestead exemption may be asserted in a joint tenant's interest in property. Robert M. Roush and Mary K. Fisher each qualify as a head of family under § 40–115. Therefore, each is eligible to claim a homestead exemption in their interest in the jointly owned property. The exemption is not, in fact, asserted in the same property. Each of the debtors assert the homestead exemption only with respect to their individual interest in the real property.

The fact that they have a limited interest in the property does not preclude them from claiming a homestead. Indeed, the Nebraska Supreme Court, as stated above, has explicitly held that a homestead exemption may be claimed in land held in joint tenancy. *See Edgerton v. Hamilton County, supra.* I therefore hold that Robert M. Roush and Mary K. Fisher may each claim a homestead exemption under § 40–101.

The fact that single unmarried individuals with dependent children can, in effect, invoke two homesteads with respect to the same real estate under circumstances in which they could not assert dual homestead exemptions if they were married to each other, is irrelevant. The legal issues in the cases now before me would be the same if each of the debtors, Robert M. Roush and Mary K. Fisher, were married to third parties, so that the real estate was occupied by two families each comprised of a husband and a wife and children. I have no doubt that under the existing law, as declared by the Nebraska Supreme Court, each of the families would be entitled to claim the homestead exemption. The essential legal issue is the same when two single adults, each with children, reside together in the same house and each claim a homestead exemption.

■ To the extent there is any requirement that the homestead property be occupied by the claimant exclusively, that requirement is met on the facts of these cases. The exclusivity requirement, in the case of joint tenants, requires the homestead claimants to occupy the premises exclusive of persons other than the joint tenant. The Nebraska Supreme Court has stated:

> [W]e think an undivided interest in real estate, accompanied by exclusive occupancy, will support the homestead claim. J.A. Giles, as the owner of an undivided interest in the property, was entitled to the exclusive possession, as against every person but his cotenant.

*Giles v. Miller,* 36 Neb. 346 at 349, 54 N.W. 551 at 552 (1893).

■ A separate issue concerns whether the debtors are allowed the benefit of a recent amendment to § 40–101, which increased the amount of the homestead exemption from $10,000.00 to $12,500.00. The effective date of the amendment to § 40–101 was September 15, 1997, which was after this bankruptcy case was commenced on March 20, 1997. *See* 197 Neb.Laws L.B. 372, § 6. The debtors' exemptions are determined as of the date these Chapter 13 bankruptcy cases were filed. *See In re Peterson,* 897 F.2d 935 at 937 (8th Cir.1990). On the petition date, the debtors herein were entitled to a $10,000.00 homestead exemption under Nebraska law.

The Chapter 13 Standing Trustee's Objections to Claim of Exemption are denied. Robert M. Roush and Mary K. Fisher are each allowed a homestead exemption in the amount of $10,000.00 in their interest in their jointly-owned residence.

IT IS SO ORDERED.