REQUESTED BY: Fred A. Herrington, State Tax Commissioner, Nebraska Department of Revenue.
Should anticipated receipts from sales and use taxes collected on sales of motor vehicles be used in the computation of sales and income tax rates pursuant to section77-2715.01, R.S.Supp., 1978?
No.
Section 77-2715.01 prescribes the formula by which the State Board of Equalization and Assessment is to set the sales and income tax rates for the ensuing year. The provisions of this section are too lengthy to be set forth in full herein, but, in general, it appears that the board is to consider, in setting the rates, appropriations and express obligations, and expected receipts to the GeneralFund. For example, subsection (1)(c) provides that the board shall determine the balance of the General Fund at the beginning of the period and the estimated receipts to the General Fund from sources other than the sales, use, income, and franchise taxes. Subsection (1)(d) says that the purpose of that subdivision is to ensure that there shall be maintained an adequate General Fund balance to meet the appropriations and express obligations.
The sales and use taxes derived from motor vehicles does not go into the General Fund. Section 77-27,132(2), R.R.S. 1943 provides:
 "(2) The Tax Commissioner shall pay to a depository bank designated by the State Treasurer all amounts collected under the provisions of sections 77-2701 to 77-27,135. The Tax Commissioner shall present to the State Treasurer bank receipts showing amounts so deposited in the aforementioned bank and of the amounts so deposited the State Treasurer shall (a) first credit to the Tax Refund Fund such amounts as are necessary to maintain such Tax Refund Fund at the level required by subsection (1) of this section, and (b) then credit to the Highway Allocation Fund all of the proceeds of the sales and use taxes derived from motor vehicles, trailers, and semitrailers. The balance of the amounts so paid shall be credited to the General Fund."
Since the aim of section 77-2715.01 is to provide for an adequate General Fund balance, were the sales and use taxes derived from motor vehicles included in the computation, it would be necessary somewhere along the line to subtract the amount of these taxes from the amount going into the General Fund. We cannot believe that the Legislature intended to require that the formula be unnecessarily made more complex by adding in a figure which later must be subtracted.
Section 77-2715.01(1)(e) provides:
 "(e) The rates of the sales and income taxes shall be fixed so that the total sales and use taxes levied will as nearly as possible equal the total individual income tax levied for the calendar year for which the rates so fixed will be effective."
The question arises as to whether the proceeds of sales and use taxes derived from motor vehicles, trailers, and semitrailers should be taken into account in determining whether the sales and use tax revenue exceeds income tax revenue. It is true that under the literal language of the subsection, this interpretation could be made. Sales taxes on such vehicles are `sales and use taxes levied.' However, we believe that, taken in context, the term refers to the sales and use taxes computed pursuant to the preceding provisions of that section, which are those sales and use taxes going into the General Fund.
In Edgerton v. Hamilton County, 150 Neb. 821,36 N.W.2d 258 (1949), the court said that it would not give two different meanings to the words `separate property' as used in the same act.
That is essentially what we would be doing, were we to say that motor vehicle taxes were to be excluded in making the computation of the amount necessary to be raised for General Fund purposes, but were to be included in determining whether sales and use taxes levied exceeded income taxes levied.
We are informed that the Revenue Department and the State Board, in computing the rates, has excluded sales and use taxes on motor vehicles, trailers, and semitrailers, presumably since the provision as to the disposition of such taxes came into section 77-27,132 in 1969 by the passage of LB 1303. In APC Mobile Telephone, Inc. v. Curtin CallCommunications, Inc., 194 Neb. 404, 232 N.W.2d 248 (1975), the court said that there was a general rule of statutory construction that the interpretation of a statute given by an administrative agency to which the statute is directed is entitled to great weight.
We therefore conclude that the sales and income rates should be computed under section 77-2715.01 without regard to anticipated receipts from sales and use taxes on motor vehicles, trailers, and semitrailers.